PEARSON, TILLMAN, Chief Judge.
The City of Miami appeals from a post decretal order directing it to pay the sum of $51,500 to certain attorneys as a fee for their services in prosecuting an appeal in this court.[1] The order allowing the fee was entered upon the petition of Victor Lehman and Madaline Lehman, his wife; Linton D. Lumpkin and Ann C. Lumpkin, his wife; and Archie S. Black and Gladys D. Black, his wife. These petitioners were defendants, as was the City of Miami, in a complaint to quiet title to a strip of land fifteen feet wide between North Bayshore Drive and Biscayne Bay, running between Northeast 17th Terrace and Northeast 19th Street in the City of Miami. The strip had been platted as lots. The chancellor found that the plaintiffs in the complaint to quiet title owned six of the lots and that the City of Miami owned six of the lots.[2]
The notice of appeal from the final decree was filed by the plaintiffs who urged that the city should not have been awarded any of the lots. The City of Miami did not file cross-assignments of error as to the lots awarded to the plaintiffs. The defendants other than the city (who are now the petitioners for the attorneys’ fee), filed cross-assignments. The regularly employed attorneys of the city filed an extensive brief urging the errors cross-assigned by the individual defendants, appeared before this court on oral argument, and ably represented the city during the pendency of the appeal. The attorneys for the individual defendants were equally energetic and able. This court held that the city owned all of the lots. Pursuant to the judgment of the appellate court, a final decree was entered. Thereafter the petition for allowance of fees [3] was filed by the individual defendants and the trial judge entered the order appealed. The order set out the basis for the *529 fee allowed.[4] As is noted in the order, the individual defendants were not entitled to fees for their defense in the trial court. This determination was made prior to the final decree and was affirmed upon interlocutory appeal to this court.[5] Therefore the right, if any, of the petitioners to a fee to be paid by the city must have arisen after the entry of a final decree. Because of this fact, the recital of the city’s stipulation with the plaintiffs in the lower court is not germane to the determination of the right to the fee which has been allowed.
The only act of the petitioners upon which the order for payment of the fee can be based is their filing of cross-assignments of error.[6] It is possible that without the diligence of the petitioners in this particular no cross-assigments of error would have been filed.[7] The record before us establishes that the assignments of error by the plaintiffs were filed on November 25, 1958 and the cross-assignments of the Lehmans were filed on December 3, 1958. Thus it appears that the Lehman cross-assignments of error were filed on the eighth day after *530 the filing of the plaintiffs’ assignments of error and there remained the ninth and tenth days on which the city could have filed cross-assignments of error. It is, therefore, possible that the City of Miami may have determined that the cross-assignments of error filed by the Lehmans were adequate and that it was not necessary to file a new set of cross-assignments of error for the city. In this connection it should be noted that the assignments of error of the petitioners, Lumpkin and Black, were filed December 9, 1958 and, in the absence of an order extending the time for filing cross-assignments of error these assignments were filed too late. Thereafter as found by the chancellor and set forth in the order: “Lehman, Lumpkin and Black having joined forces, filed one brief and the City of Miami, the following day, filed its brief.”
The Supreme Court of Florida in Larson v. Warren, Fla.1961, 132 So.2d 177, 183 has recently restated and applied the general rule that attorney’s fees are usually allowed only when provided for by statute or agreement. Further, in reversing the order of the chancellor allowing a fee from a fund in that case, the Supreme Court in discussing the leading case of Tenney v. City of Miami Beach, 152 Fla. 126, 11 So. 2d 188, stated:
“The court felt [in the Tenney case] that those property owners who were fairly represented in that suit should not receive the benefits of the litigation without paying their share of the attorneys’ fees payable from the assessment the city had collected. They constituted a distinct and restricted class who were on notice of the litigation, its purpose and that it grew out of a single act of the city in imposing an assessment on all members of the class; that the litigation showed that Tenney was suing for a class of more than 170 or 232 lot owners and that there was no apparent effort from the record to bind anyone who was not given an opportunity to appear.”
There is nothing in the pleadings to show that these petitioners were the representatives of a restricted class or to show a community of interest between the petitioners and other taxpayers of the City of Miami. It appears from the record now before us that the petitioners represented a special interest among themselves and not with the other citizens of the City of Miami. We therefore hold that the opinion of the Supreme Court of Florida in Larson v. Warren, supra, does not authorize the allowance of a fee in this case.
The appellees direct our attention to only one other Florida case, Universal Const. Co. v. Gore, Fla.1950, 51 So.2d 429, 431, as a possible basis for the allowance of a fee. In that case the Supreme Court of Florida approved a fee in a suit brought by holders of municipal recreation bonds who were also general and utility taxpayers of the city. The suit was brought as a class suit to preserve and protect trust funds and it resulted in a judgment in favor of the city. The action was to enforce a contract between the city and a construction company whereby the company agreed to construct a yacht basin and recreational facilities. The court held as follows :
“This court is committed to the doctrine that a trust estate should bear the expense of its administration and that where one of the parties interested brings a suit or takes other steps to protect or restore it, he is entitled to reimbursement out of the fund preserved or from those who accept the benefits of it. Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188; United States v. Equitable Trust Company, 283 U.S. 738, 51 S.Ct. 639, 75 L.Ed. 1379; Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. In the light of these cases the chancellor was correct in the allowance of fees to complainants’ solicitors from the rentals recovered.”
The factual dissimilarity between the two cases is immediately apparent. In this case *531 there is no fund. The original suit was a quiet title proceeding by certain individuals against other individuals and the City of Miami. The City of Miami had title and possession at the time that the suit was begun. The ultimate final decree simply eliminated a claim by individuals which might have been a cloud upon the city’s title. The city was no richer at the end of the suit than it was at the beginning. The ultimate result was that the individual defendants did not want the bay bottom in front of the strip filled in by the individual plaintiffs. The defendants won their suit. Further, in the Universal Const. Co. case, supra, the city took no steps to protect funds which were due it, whereas, in the instant case the city took an active part in the appeal from its inception. We conclude that there is no basis for the allowance of a fee under the doctrine of either the Tenney case, supra, or the Universal Const. Co. case, supra.
An examination of cases from other jurisdictions reveals no ground for the allowance of attorneys’ fees to the petitioners. The Supreme Court of California in the case of In re Pacific Coast Building-Loan Ass’n., 15 Cal.2d 155, 99 P.2d 261, considered the question of the allowance of attorney’s fees to a group of minority shareholders who had successfully augmented the assets to be distributed to all of the shareholders of a dissolved financial institution. The petitioners contended that the action taken by them was necessary to preserve the rights of the entire group of membership shareholders because the state-appointed commissioner took a neutral position. The Supreme Court of California in the denial of the fee pointed out that the proceedings were not in the nature of a suit to obtain or protect a common fund because the fund was already in existence and under the administration of a statutory officer charged with its protection and proper distribution. The court reasoned further that to assert that the efforts of counsel for the petitioners were necessary to create or preserve a fund was to imply incompetency or dereliction in duty in the officer entrusted with that duty, and the petitioners’ claim really rested upon the narrow ground that their legal representation was more able, more convincing, and therefore more valuable than that of the official appointed to conduct the defense. It was held that such a claim cannot be the basis for the award of fees to private counsel where the services are already subject to performance by a public officer and official counsel and these parties have properly performed their duties. In another California case, Tulare County v. City of Dinuba, 205 Cal. 111, 270 P. 201, it was held that a suit successfully concluded by an attorney for certain counties, to obtain a fund for a sister county, was not a basis for an allowance of fees to the attorney because the county profiting by such action was officially represented by its own law department. See also cases collected at 107 A.L.R. 749, 752 and 14 Am.Jur., Costs § 75.
Having decided that the record does not support the allowance of a fee to the appellees in this cause, and that the appel-lees are precluded from receiving a fee because of the representation of the City of Miami through its official counsel of record, we do not find it necessary to examine appellant’s third point which urges that the court abused its discretion by awarding attorneys’ fees in the amount of $51,500 in that the fees awarded were excessive.
In concluding, we should point out that we recognize the excellence of the legal work performed in this court upon the prior appeal by the attorneys for the appellees. Nevertheless, this excellence cannot be made the basis for an award of fees in this case. Perhaps the rule against the allowance of attorney’s fees except in the clearest cases may be based in part upon a realization that a practice of the allowance of fees from the public registry to private counsel, where the public is otherwise represented, is so fraught with danger of misapplication and *532 criticism of the Bar that it should be strictly circumscribed.
The order allowing attorneys’ fees is reversed.

. Cross v. City of Miami, Ma.App.1060, 121 So.2d 664.

. Further facts concerning the quiet title action may be found in the opinion reported at 121 So.2d 664.

. “The petitioners Victor Lehman & Madaline Lehman, his wife, Linton D. Lumpkin & Anne [sic] C. Lumpkin, his wife; and Archie S. Black & Gladys D. Black, his wife, petition this Court for Allowance of Attorneys’ fees and would show that:
“(1) On October 28, 1958, the petitioners presented this Court a Petition for Allowance of Fees which was denied by order of this Court on December 1, 1958 and which petition is incorporated and made a part hereof as though more fully set out.
“(2) Since the denial of the petition of October 28, 1958, your petitioners have successfully prosecuted an appeal which resulted in the City obtaining title to the entire strip in question. Cross v. City of .Miami, Fla.App.1960, 121 So.2d 664.
“(3) The notice of appeal was filed by the plaintiffs several days before the time expired for filing an appeal. Your petitioners filed their cross assignments of error and as previously, the City of Miami, did nothing.
“ (4) In its opinion at page 665, the District Court of Appeal of Florida, Third District, commented:
“ ‘The City of Miami is in the position of having stipulated with the plaintiffs that it knew of no defense to their claim of title to the strip in question or the claimed riparian rights appurtenant thereto, except that it reserved for itself ownership of the projections of the street ends. Nevertheless, upon the appeal, the city urges that the evidence establishes its ownership of the entire strip.’
“(5) But for your petitioners’ cross assignments of error defending the City of Miami’s interest in the subject matter of this suit, the City of Miami would have had no standing to argue their ownership of the strip of land in issue in the appellate court.
“(6) The present value of the interest of the City of Miami preserved as a result of petitioner’s cross assignments of error is $997,500.00.
Wherefore, petitioners pray for a reasonable fee in the premises.”

.“The record affirmatively shows that the plaintiffs filed their notice of appeal and assignments of error on November 28, 1958 to review three Orders entered by this Court, as follows:
“(a) Final Decree, entered September 80, 1958, recorded October 1, 1958, in Chancery Order Book 1356 at Page 604;
“(b) Order Amending Final Decree, entered November 6, 1958, recorded November 7, 1958, in Chancery Order Book 1362 at page 252;
“(c) Order Denying Petition for Rehearing, entered November 6, 1958, and recorded November 7, 1958, in Chancery Order Book 1362 at page 251.
“The City of Miami failed to file cross-assignments of error. Unless said cross-assignments of error were filed, the title to the six out lots first above described could not have been judicially reviewed by the District Court of Appeal of Florida, Third District, and the decision of this Court would have become final.
“Therefore, the petitioners, acting on behalf of all other citizens and taxpayers of the City of Miami similarly situated, did that which the City of Miami failed and refused to do. On December 3, 1958, Lehman, et ux., also cross-assigned error. Lehman, Lumpkin and Black, having joined forces, filed one brief, and the City of Miami, the following day, filed its brief.
“It therefore follows, in keeping with a long line of established judicial decisions, that where taxpayers have, at their own expense, maintained a successful action for the preservation, protection or increase of public property, that the Chancellor may, in the exercise of his discretion, allow, but not as a reward, attorneys’ fee for the services so rendered. It is in keeping with the highest traditions of the legal profession and our democratic processes that citizens ever be alert and militant to protect the rights of the public where the public officials who are charged and privileged with such responsibility fail or refuse to act.
“It shocks the Chancellor’s conscience that the City, the recipient of a windfall as a result of the petitioners’ efforts, should be heard to complain against the payment of reasonable attorneys’ fees for doing the job which the City should have done in the first place.”

. Lehman v. City of Miami, Fla.App.1960, 123 So.2d 495.

. Rule 3.5, subd. b F.A.R., 31 F.S.A.

. The discussion of the need for filing cross-assignments of error should not be interpreted to mean that review of errors prejudicial to the rights of an ap-pellee cannot be had unless cross-assignments of error are filed. An appeal in chancery opens the whole case for the consideration of the appellate court, and cross-assignments of error are unnecessary to entitle an appellee to relief or reversal of a decree containing reversible error, provided, of course, the appellate court exercises the right to look into the whole case as presented by the record. Ocala Foundry & Machine Works v. Lester, 49 Fla. 347, 38 So. 56, 61; Neubert v. Massman Bros. & Co., 37 Fla. 91, 19 So. 625; Southern Life Ins. & Tr. Co. v. Cole, 1852, 4 Fla. 359. Further, an appellate court has a right by statute to give such decree as the court below should have given. Section 59.34, Fla. Stat., F.S.A.
It is not essential for the decision of the case to decide whether this court would have considered the prejudicial errors in the decree if no cross-assignments of error were filed.