PER CURIAM.
This appeal by the Personnel Board of the City of Miami Beach is from the circuit court’s order awarding an attorney’s fee to counsel for the appellee. The appel-lee was discharged as a fireman of the City of Miami Beach. An appeal from the discharge was filed to the City Personnel Board. Thereafter, a petition for certiorari was filed in the circuit court seeking to review the adverse decision of the Personnel Board. The court granted the petition and after a hearing on the merits reinstated the appellee and restored all retirement and corollary benefits, including some back pay. The court also awarded an attorney’s fee.
In this court appellee’s counsel cited one provision in a special act[1] of the Florida Legislature as authority for the award. We agree that the special act gave the circuit court jurisdiction to award a reasonable attorney’s fee.[2] Rule 3.16(e) F.A.R. (1965).
The only question on appeal concerns the amount of the attorney’s fee the circuit court awarded. The appellant urges that the fee is so grossly excessive as to constitute an abuse of judicial discretion. The appellant has failed to carry the burden of demonstrating an abuse of discretion. See Pross v. Pross, Fla. 1954, 72 So.2d 671; Ginsberg v. Ginsberg, Fla.App. 1961, 127 So.2d 137, 26 A.L.R.3d 592; and Williams v. Williams, Fla.App.1965, 177 So.2d 865.
Affirmed.

. “When an appeal from disciplinary action finally results in a reversal or setting aside of such disciplinary action by the Personnel Board, or by a competent Court, then the employee shall be entitled to recover all wages and emoluments lost by reason of such disciplinary action, and to recover his court costs and reasonable attorney’s fees as determined by the Personnel Board in the event that the final determination of the issue has been made by said Personnel Board or determined by the Court, if final determination is as a result of Court action.” Section 9, Chapter 18696, Laws of Florida, Acts of 1937, as amended by Section 8, Chapter 27735, Laws of Florida, Acts of 1951..

. Cf. Rubin v. Sanford, Fla.App.1967, 198 So.2d 856.