HENDRY, Judge.
This appeal from certiorari proceedings in the Circuit Court of Dade County was taken by the respondent therein, the Personnel Board of the City of Miami Beach. Petitioner-appellee is Francis A. Majewski, who was previously employed by the City of Miami Beach in the capacity of Fireman, Class II. In 1962, appellee was injured while lifting a loaded hose, and he now suffers from a condition diagnosed as a herniated intervertebral disk. The record contains much conflicting testimony regarding the degree of disability and need for surgery, but the substance of the evidence was that Majewski was physically unable to perform certain of the tasks normally required of a fireman class II. This injury was apparently aggravated in 1965 when appellee slid down a pole to answer a roll call.
Subsequently, on April 12, 1967, appellee received a “Notice of Personnel Action” informing him of his demotion to the position of Fireman Class I, effective immediately. Under the heading “Remarks”, the notice read:
“Your ability to perform the duties of your present job as a Fireman II is impaired to the extent that you are unable to meet the standards of the work required. In addition, you no longer meet the physical requirements of the job of Fireman II. A letter to the Florida Industrial Commission dated January 26, *889 1967, from your attorney and on your behalf, advises that you consider yourself incapable of performing all the duties required of a Fireman II.”
The notice was not signed by the City Manager, which defect rendered the notice insufficient under Rule XVI of the Personnel Rules of the City of Miami Beach according to the order entered by the Circuit Court.
Rule XVI, Section 2(a) of the Personnel Rules of the City of Miami Beach reads as follows:
“When an employee in the Classified Service fails to meet such physical and medical standards as are deemed necessary for continued employment in the position he holds a lateral or organizational transfer shall be made, if practicable, to a position for which he is physically qualified, notwithstanding other provisions of these rules. If a transfer can not be arranged the provisions of Rule IX, Section 4 and Section 5 will apply. Any transfer or demotion made in accordance with this Rule is subject to approval of the City Manager and the Personnel Director. This paragraph shall not apply to Police and Fire Department employees with respect to transfer outside of their respective departments.”
Majewski sought relief by appeal to the personnel board; however, the board, in its order, approved the action, finding specifically that appellee could no longer meet the physical and medical requirements of the position of Fireman II. Appellee then brought his petition for certiorari before the Circuit Court. The Circuit Court ordered appellee reinstated, stating in part in its opinion:
“From a review of the record below, it is apparent that the City demoted the petitioner because of his inability to meet certain physical standards required of a Fireman II. The City contends that the petitioner is capable of doing fire inspection work but that this type of work should only be assigned to a Fireman I. A review of the job descriptions for Fireman I and Fireman II clearly indicates that fire prevention is also a function of Fireman II. Rule XVI, Section 2, of the Personnel Rules of the City of Miami Beach requires a lateral transfer if an employee is unable to meet the physical requirements of his employment. The court finds that a lateral transfer is practicable under the circumstances since the petitioner could do fire prevention work as a Fireman II.”
The personnel board now seeks review of the order of the Circuit Court directing that appellee be reinstated as a Fireman II.
We are of the opinion that the Circuit Court was correct in its ruling. According to the personnel board regulations, the nature of the work performed by a Fireman I consists of “General Firefighting, fire prevention, and rescue work; including operation and maintenance of fire and rescue apparatus and equipment.” The regulation controlling the position of Fireman Ii is nearly identical, “General firefighting, fire prevention, and rescue work with limited supervisory assignments; including the driving, tillering, operation, and maintenance of fire engines, fire and rescue apparatus and equipment.” The record contains sufficient evidence to support the conclusion that the duties of a Fireman II encompass the duties of a Fireman I, in addition to certain supervisory functions and the assumption of more responsibility. We can find no reason why appellee should be required to perform limited duties as a Fireman I when he could perform those same limited duties at his former classification of Fireman II. Such conclusion comports substantially with the directive of Rule XVI, Section 2,' that “a lateral or organizational transfer shall be made.” [Emphasis supplied.] Accordingly, the order appealed is affirmed.
Affirmed.