PER CURIAM.
The former husband, plaintiff in the trial court, appeals a final judgment of *293 divorce and assigns as error the refusal of the trial court to permit an amendment of his complaint at the conclusion of his case to include the additional ground of adultery. The final judgment granted a divorce to the plaintiff-husband upon the grounds of extreme cruelty and provided alimony for the defendant-wife. The record establishes that the plaintiff knew of the allegedly adulterous conduct prior to filing the complaint for divorce. The wife’s conduct was the subject of discovery and was introduced as evidence in support of the allegation of extreme cruelty. Under these circumstances we do not think that the trial judge abused his discretion in refusing a motion to amend the complaint to include the charge of adultery at the conclusion of plaintiff’s case.
Rule 1.190(e), Florida Rules of Civil Procedure, 30 F.S.A., provides: “At any time in the furtherance of justice * * the court may permit any * * * pleading or record to be amended * * Leave to amend should be liberally granted. American Ladder & Scaf. Co. v. Miami Vent. Awn. Co., Fla.App.1963, 150 So.2d 268. But leave to amend is discretionary with the trial judge. We do not think it has been demonstrated that under the circumstances of this case, the trial judge abused his discretion in denying the privilege of amendment at such a late stage in the proceedings. See United States v. State, Fla.App.1965, 179 So.2d 890; Corbett v. Eastern Air Lines, Inc., Fla.App.1964, 166 So.2d 196, 205.
In addition the appellant urges that the evidence before the trial court was insufficient to sustain the attorney’s fee awarded to the appellee wife. It is true that appellant upon cross examination succeeded in minimizing the weight of expert testimony in support of the award of an attorney’s fee, but we are unable to say that the evidentiary basis for the fee was insufficient as a matter of law. See Rubin v. Major, Fla.App.1968, 209 So.2d 691.
Affirmed.