BARKDULL, Judge.
These cases have been before this court on previous occasions. See: Rubin v. Sanford, Fla.App.1964, 168 So.2d 774; Rubin v. Shapiro, Fla.App.1965, 170 So.2d 460; Rubin v. Shapiro, Fla.App.1967, 198 So.2d 854; Rubin v. Sanford, Fla.App.1967, 198 So.2d 856.[1]
Subsequent to mandates in the prior appeals, the respective courts awarded attorneys’ fees to the appellees’ counsel and these appeals ensued. They were briefed separately and argued separately. During the argument in Rubin v. Shapiro [Case Nos. 68-240, 68-241], counsel for the City for the first time raised the question of the constitutionality of the Special Act of the Legislature allowing a successfully reinstated employee to recover attorney’s fees [Ch. 27735, Laws of Florida, Special Acts 1951], The contention was that the provision permitting the recovery of attorney’s fees was not set forth in the title of the Act, pursuant to Art. Ill, § 16, Constitution of the State of Florida, F.S.A. Thereafter, this court consolidated the appeals and ordered additional briefs and oral argument limited to this constitutional question. Rules 3.7, subd. d, 3.10, subd. e, Florida Appellate Rules, 32 F.S.A.
In 1937, the Legislature enacted Ch. 18696, Laws of Florida, Special Acts 1937, which created a civil service system for the employees of the City of Miami Beach. There was no provision for the recovery of attorney’s fees by an employee upon reinstatement. A full and complete civil service system and a general severability clause was contained in this Act. In 1951, the Legislature amended the Act by changing some of the sections and adding a provision in the body thereof, which permitted a successfuly reinstated employee to recover attorney’s fees. No mention of attorney’s fees was made in the title and there was no severability clause. See: Ch. 27735, Laws of Florida, Special Acts 1951.
Several questions are posed: (1) Is that portion of the Act relating to attorney’s fees constitutional? (2) If it is unconstitutional, may it be raised at this stage of the proceedings? (3) If it is unconstitutional and there being no severability clause in the Act, does the entire 1951 Amendment [Ch. 27735, Laws of Florida, Special Acts 1951] fall?
Under the previous decisions of the Supreme Court of Florida, it is apparent that the failure to include the right to attorney’s fees in the title makes this section of the Act unconstitutional.[2] See: *179 Prairie Pebble Phosphate Company v. Silverman, 80 Fla. 541, 86 So. 508; Webb v. Scott, 129 Fla. 111, 176 So. 442. It is also apparent that the question of constitutionality of a statute, tested in light of the provisions of Art. Ill, § 16, Constitution of the State of Florida, may be raised for the first time on appeal as fundamental error. See: Parker v. Town of Callahan, 115 Fla. 266, 156 So. 334; Townsend v. Beck, 140 Fla. 553, 192 So. 390; Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843; In re Kionka’s Estate, Fla. 1960, 121 So.2d 644; Palm Beach County v. Green, Fla.1965, 179 So.2d 356.
The next inquiry is whether or not this provision relating to attorney’s fees, being unconstitutional, destroys the entire 1951 Amendment [Ch. 27735, Laws of Florida, Special Acts 1951]. We conclude that it does not. Courts generally will uphold statutes even if a portion is declared unconstitutional, if the void part may be severed from the remainder without doing damage to the overall intent of the Legislature. Harris v. Bryan, Fla.1956, 89 So.2d 601; Kass v. Lewin, Fla.1958, 104 So.2d 572; Cramp v. Board of Public Instruction of Orange County, Fla.1962, 137 So.2d 828; 30 Fla.Jur., Statutes, § 138. It is apparent that this can be done in the instant case. The fact that there was no severability clause in the 1951 Amendment is of no consequence. State v. Calhoun County, 126 Fla. 376, 170 So. 883; State ex rel. Limpus v. Newell, Fla.1956, 85 So.2d 124; Dade County v. Keyes, Fla.App.1962, 141 So.2d 819; 30 Fla.Jur., Statutes, § 139.
The appellees urge that even if fundamental error may be found in Rubin v. Shapiro [Case Nos. 68-240, 68-241], it should not be visited upon the order under review in Rubin v. Sanford [Case Nos. 68-238, 68-239], because it was not called to the attention of the court in the briefs or the oral argument. We find this position not to be well taken. Fundamental error may be found by the appellate court itself in reaching its conclusion, even if it was not mentioned in either the briefs or oral argument. North Shore Bank v. Town of Surfside, Fla.1954, 72 So.2d 659; Board of Public Instruction, etc. v. Fidelity and Casualty Company of New York, Fla.App. 1966, 184 So.2d 491; Rule 3.7, subd. i, Florida Appellate Rules.
The appellees also contend that if the statute is unconstitutional they have a right to attorneys’ fees, pursuant to the rules of the Civil Service Board. We find this to be without merit. It is elementary in this State that attorney’s fees are recoverable by either contract or statute. Webb v. Scott, supra; Phoenix Indemnity Co. v. Union Finance Co., Fla.1951, 54 So.2d 188; Codorno v. Emanuel, Fla.1956, 91 So.2d 653; Larson v. Warren, Fla.1961, 132 So.2d 177; City of Miami v. Lehman, Fla.App. 1961, 134 So.2d 527. Obviously, the statute originally creating the civil service system for the City of Miami Beach did not provide for attorney’s fees, and the rules could be no broader than the statutory authority. State ex rel. Hathaway v. Smith, 160 Fla. 485, 35 So.2d 650; Lee v. Delmar, Fla.1953, 66 So.2d 252; Grissom v. Van Orsdel, Fla. App.1962, 137 So.2d 246; 1 Fla.Jur., Administrative Law, § 92.
In light of the conclusions above set forth, we do not consider the points on appeal raised by the appellant. Therefore, the orders here under review be and the *180 same are hereby reversed, with directions to the trial judge to dismiss the petitions for attorneys’ fees.
Reversed and remanded with directions.

. See, also, related case of Rubin v. Major, Fla.App.1968, 209 So.2d 691.

. Deficiencies in titles of Acts generally cannot be raised if there is an intervening *179 Session of the Legislature, between the time of the passage of the Act and the time the question is raised, which renacts as a revision all general acts. See: Christopher v. Mungen, 61 Fla. 513, 55 So. 273; State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804; Buchanan v. State, Fla.App.1959, 111 So.2d 51; 30 Fla.Jur., Statutes, § 68. However, this general proposition is not applicable to special acts which are not reenacted, like general laws with each succeeding Legislative Session. Accord, Wood v. State, 98 Fla. 703, 124 So. 44; Town of Monticello v. Finlayson, supra; 30 Fla. Jur., Statutes, § 68.