PEARSON, Chief Judge.
These two appeals are respectively from (1) an order awarding an attorney’s fee for service rendered the appellee, Francis A. Majewski, before the Personnel Board of the City of Miami Beach, Florida, and before the circuit court; and (2) an order awarding incidental expert witness fees.
Francis A. Majewski is a fireman in the City of Miami Beach. He was demoted by the Personnel Board of that city. Conceiving that his demotion had been illegally accomplished, Majewski brought a petition for certiorari in the circuit court to review the action of the Board. The circuit court quashed the order of Board and directed that Majewski be reinstated. This court affirmed the judgment of the circuit court. See Personnel Board of City of Miami Beach v. Majewski, Fla.App.1968, 212 So.2d 888, filed July 9, 1968.
At the time Majewski filed his petition for certiorari in the circuit court, he filed with the petition a motion for attorney’s fees pursuant to Ch. 27735, Laws of Florida, Special Acts 1951. The cited section was an amendment to the act creating a civil service system for the employees of the City of Miami Beach. It provided for the assessment of attorneys fees for reinstated employees. The final judgment of the circuit court, which was appealed to this court and affirmed, provided that “the Court reserves jurisdiction of this cause to consider [Majewski’s] motion for reasonable attorneys’ fees and court costs.”
As we stated above, our decision on the appeal of the Personnel Board from the judgment reinstating Majewski was filed on July 9, 1968. The circuit court entered the orders now appealed from on January 9, 1969. On January 21 „ 1969, in Rubin v. Sandler, Fla.App.1969, 218 So.2d 177, this court held unconstitutional Ch. 27735, Laws of Florida, Special Act of 1951, under *500 which the attorney’s fee and costs had been allowed.[1]
On this appeal the city challenges the fee awarded Majewski because the section under which it was awarded has been held unconstitutional. Majewski urges that this ground is not available to the appellant because the right to a fee has previously been determined by the final judgment which was appealed to this court and affirmed. We think the appellant’s position is the correct one. We may not properly regard the final judgment which was the subject of our decision in the case reported at 212 So.2d 888 as a determination of Majewski’s right to an attorney’s fee since in that judgment the circuit court did not rule on that right, rather the court reserved jurisdiction to consider Majewski’s motion for the fee.
It is clear from the opinion of this court in Personnel Board of City of Miami Beach v. Majewski, Fla.App. 1968, 212 So.2d 888, that the issue of the constitutionality of the section was not before this court. That issue has now been determined and since an unconstitutional statute may not be the basis for an award we must reverse the order allowing the fee and the costs incidental to the fee. The trial court in ruling on the motion for attorney’s fee applied the law as it existed on the day the ruling was entered (January 9, 1969). However, since
“ ‘ * * * an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed.’ ” (Florida East Coast Railway Company v. Rouse, Fla. 1967, 194 So.2d 260, 262),
we must dispose of these appeals in accordance with the law as it prevails after our decision in Rubin v. Sandler, Fla.App.1969, 218 So.2d 177.
For the foregoing reasons we reverse the orders appealed from.
Reversed.

. This court had jurisdiction to declare the act unconstitutional because the issue of constitutionality was raised for the first time in the appellate court. See Rubin v. Sanford, Fla.App.1969, 218 So.2d 177, 179.