242 So.2d 165 (1970)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Charles MADDOX, Stephen DiCiaccio, Richard Hayward, Donald Meurlot and Paul Morgan, Individually and On Behalf of All Persons Similarly Situated, Appellees.
No. 70-382.
District Court of Appeal of Florida, Third District.
December 22, 1970.
Rehearing Denied January 13, 1971.
*166 Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Eugene P. Spellman, Miami, for appellees.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
*167 PER CURIAM.
Defendant below, Metropolitan Dade County, Florida, appeals from an adverse judgment for the plaintiffs below and plaintiffs have cross assigned certain rulings contained in the judgment as error.
The plaintiffs, five members of the Department of Public Safety, sued Dade County and sought a declaratory judgment, accounting, and other relief. They alleged they were suing individually and as a class action on behalf of all persons who were full time salaried employees in the classified service of Dade County and prayed for, inter alia, an accounting of all monies due to this alleged class for overtime accrued and unpaid by their employer, Dade County, since 1957.
The judgment found, in part, that the rights sought to be determined for all employees were:
(1) whether the County is required to pay all authorized overtime as it accrues rather than paying some as it accrues and reserving payment of some until separation of each employee from his employment.
(2) the rights of a certain class of employee in the Public Safety Department, to wit: Police Sergeants, to any overtime at all, said certain class of employee allegedly having been precluded by defendant from earning any overtime by virtue of the classification by defendant.
The county raises no issue in its appeal concerning the finding that the proper class herein was made up of all the members of the Department of Public Safety. Plaintiffs challenge this finding in their cross assignments only because it failed to include all full time salaried employees of Dade County in the class.
The first point raised and argued by the County is stated by it as:
"The county is immune from suit for non appropriated wages in view of section 129.07, Florida Statutes, or otherwise: therefore, the trial court did not have jurisdiction to order an accounting for accrued overtime wages."
Plaintiffs contend that § 129.07, Fla. Stat. F.S.A., was not properly raised in the answer or pleadings of Dade County and should not be considered for the first time in this appeal. It appears that the trial judge did consider the possible effect of § 129.07, Fla. Stat., F.S.A., under that portion of the judgment entitled "Effect of Budgetary Limitations." The last paragraph of this portion of the judgment states:
* * * * * *
"It is the finding of the Court that the constitutional and statutory restrictions upon unbudgeted and unappropriated expenses do not in themselves constitute an insurmountable obstacle to the carrying out of this Court's findings regarding rights of the Plaintiffs and others in this class. At this phase of the case it is unknown to the Court the amount of money which might be due and owing by the County to the Plaintiffs, what funds in the possession of the County, if any, might be applied to the amounts due and owing, or what remedy might be available and sought by the Plaintiffs for the collection of the amount due them."
The argument advanced by Dade County as to the applicability of § 129.07, Fla. Stat., F.S.A., appears to be premature at this stage of these proceedings and we agree with and uphold this finding by the trial judge.
Dade County also argues that its "overtime personnel rule" is invalid and cannot be the basis for the recovery of overtime pay by these employees. The "overtime rule" is Section 6 of Chapter Five of the Personnel Rule which provides:
"Section 6. Overtime: It shall not be the general policy of the county to have its employees work frequent or considerable overtime. However, when fulltime salaried employees are directed by their supervisors to work extra time in addition *168 to their regular working hours, they may be compensated as follows:
(A) Wherever feasible, the department head shall grant compensatory time to such an employee. Compensatory time may be accrued to a maximum of two standard work weeks. If the maximum accumulation is accrued the employee must be compensated for the hours worked.
(B) Where it is not feasible to permit the absence of the employee for the purpose of taking such compensatory time within the next succeeding thirty (30) days, the department head must approve payment to the employee for the extra time served.
(C) Premium rates of pay shall be paid for overtime worked under special circumstances, such as holidays, if approved by the Director. Such premium rates of pay shall be at the rate of eight (8) hours additional pay, plus compensatory time off within (30) days."
Dade County, in its answer, admitted this rule was adopted by its Personnel Director; that it was approved by the proper county board and then approved by the County Commission on December 9, 1958. It made no contention that the overtime rule was invalid in its answer. After plaintiffs had presented testimony and evidence and had rested on the basis of the issues made by the pleadings, the county moved to amend its answer by pleading the invalidity of the "overtime rule". The trial court refused to allow such an amendment to the answer and Dade County has assigned the denial of the motion to amend its answer as error.
We find no abuse of discretion by the trial court in the denial of the motion to amend the answer at the time and under the circumstances involved herein. See Wooten v. Wooten, Fla.App. 1968, 213 So.2d 292; Triax, Inc. v. City of Treasure Island, Fla.App. 1968, 208 So.2d 669.
Under Point Two Dade County argues that the "overtime rule" does not require that overtime be paid immediately and never requires overtime to be paid to job basis employees; that is, the police sergeants here.
The trial court found that the clear intent of the overtime rule was that overtime "shall be payable immediately upon approval by the department head, which action is also mandatory;" and was of the opinion that compensation for labor and services are due and payable when such labor or services have been rendered, unless a contract or law specifically provides otherwise.
Plaintiffs submitted testimony from various officials of Dade County who were charged with enforcement and interpretation of this rule that they had given a similar construction to this as requiring overtime pay immediately. Such a construction will not ordinarily be overruled unless clearly erroneous. See Warnock v. Florida Hotel and Restaurant Comm., Fla.App. 1965, 178 So.2d 917, and cases cited therein. We find no error in this ruling.
The question as to overtime pay due to job basis employees (police sergeants) was framed in the judgment as follows:
* * * * * *
"The legal question posed in this section is whether the adoption by the County of pay plans by resolution superseded the personnel rules previously adopted by ordinance and made a part of the Metro Dade County Code, respecting compensatory time or overtime of police sergeants * * *."
After discussing this question thoroughly in its 18 page opinion it was the finding of the trial court that the classification of plaintiffs [police sergeants] as "job basis" employees was improper and legally ineffective to deprive them of their right to overtime. We concur and find that there is sufficient, competent and substantial *169 evidence in the record on appeal to uphold such finding.
Under Point Three Dade County argues that plaintiffs were barred by estoppel and laches from maintaining this suit for overtime pay. The trial court found that the County was estopped from applying those defenses to the general claim of accumulated overtime.
The county did not assign this finding as error and we are thus precluded from considering their argument on this point for the first time on appeal. Vaughn v. Smith, Fla. 1957, 96 So.2d 143; Williams v. Williams, Fla.App. 1965, 172 So.2d 488; and Rule 3.5 c, F.A.R., 32 F.S.A..
We have considered the other points raised and argued by Dade County for reversal and find them to be without merit.
In their cross assignment of error plaintiffs contend that the trial court erred in limiting the "class" involved herein to classified members of the Department of Public Safety when it should have declared the "class" to consist of all classified employees of Dade County, Florida.
In a class suit generally all members of the class must have a similar interest in obtaining the relief sought. Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700; and Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734. Here, the allegations and proof were insufficient to establish the same community of interest in the class described as all the classified employees of Dade County. See 24 Fla.Jur. Parties § 20. We find no error in the determination as to the proper class involved in this action.
Plaintiffs, by cross assignment, argue that the trial court erred in its finding "that laches defeat any claims by the sergeants (plaintiffs) for any amounts due for accumulated overtime before one year prior to the institution of this suit." The judgment in referring to this argument recited in part:
* * * * * *
"Furthermore, plaintiffs have not argued the question of laches at all, although they have filed a suit in equity. The inference from the plaintiffs' argument is that there is no limitation at all upon the length of time that can intervene between the accrual of the debt and the suit for its collection. This Court is one of the opinion that such cannot be the case. This is especially true in suits against a government which is required to annually budget anticipated expenses, appropriate the monies required to fulfill the budget and assess taxes upon the taxpayers. The Court cannot allow a claim for unliquidated and undetermined claims upon the county which have accumulated over a period of years during which the county has consistently denied liability and during which plaintiffs have not done anything of a positive or legal nature, prior to this suit, to force the determination and payment of such claims, thus failing to force the budgeting, appropriations and assessment of taxes for a number of years."
* * * * * *
We concur. In Baskin v. Griffith, Fla. App. 1961, 127 So.2d 467, the court had to consider whether plaintiff's claim in a suit in equity was barred by laches. It said at page 471:
* * * * * *
"Statutes of limitation which declare that certain causes of action are unenforceable if actions thereon are filed more than a certain fixed period after the accrual of the cause of action, are not applied in courts of equity, which instead may apply the rules of laches, but such courts usually act or refuse to act on the basis of the provisions of statutes of limitations which relate to actions at law of like character."

*170 * * * * * *
Section 95.11, Fla. Stat., F.S.A., provides:
"Actions other than those for recovery of real property can only be commenced as follows:
"(7) Within one year. 
"(b) Suits for recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime."
See also Sharrow v. City of Dania, 131 Fla. 641, 180 So. 18 (1938); and City of Eustis v. Firster, Fla.App. 1959, 113 So.2d 260; and 27 Am.Jur.2d Equity § 165. We find no error in this ruling.
The portions of the judgment challenged in this interlocutory appeal are
Affirmed.