HAVERFIELD, Judge.
This is an appeal by members of certain classes of employees of the Department of Public Safety of Dade County from an adverse summary judgment denying compensation for certain overtime claims.
In 1967 appellants filed a class action against Metropolitan Dade County seeking adjudication as to whether the county must pay overtime as it accrues and whether police sergeants in the Department of Public Safety were entitled to overtime pay at all. The court determined that the employees of the Public Safety Department were entitled to be paid for overtime at such time as same accrues, and the police sergeants were entitled to overtime compensation from June 8, 1966. The court ordered an accounting for all sums due. Dade County appealed and this court affirmed. Metropolitan Dade County v. Maddox, Fla.App. 1970, 242 So.2d 165. After certiorari was denied by the Florida Supreme Court, 246 So.2d 786 (Fla.App., 1971), the parties entered into a stipulation which read in pertinent part:
******
“4. In all general areas involving time accumulated by employees of the class, where such time is the subject of conflict between plaintiff and defendant as to its eligibility, the auditor will account for such time separately and present the accounting to the Circuit Court Judge together with such findings of fact as are gleaned from evidence before him. Determination of eligibility for such time will be made by the Court after hearing all arguments pertaining to the facts.
******
“13. It is understood that the basic document for the accounting will be the County’s Unit Time Sheet and such other documents as are available for determining net accumulated overtime, and that the plaintiff class at its own consideration, shall have the right to employ an auditor of its choice to review the methods of auditing employed by the independent auditors herein named and that upon request of the plaintiffs, any ■ and all records employed in the audit will be made available to said plaintiffs’ auditor.”
******
This stipulation set August 15, 1971 as the date for the submission of the final audit. Employees were given until December 20 to file written notice of appeal with respect to alleged overtime not considered in the audit. Employees filed an appeal listing six general items labeled A-F, which contended that various employees had worked in excess of the standard 40 hour week and the overtime was not reflected in the audit. The trial judge found, with the exception of item D, various members of *612 the class did, in fact, work beyond the normal 40 hour week, but credit for same was never requested although a prescribed procedure for claiming and requesting overtime was in existence; and, therefore, employees were guilty of laches precluding their recovery of such sums and an accounting as to those issues. Summary final judgment with the exception of item D was granted in favor of Dade County. This appeal ensued.
Appellants primarily argue that the trial court erred in finding plaintiffs guilty of laches precluding their recovery. We find merit in this contention.
In the first appeal before this court, Metropolitan Dade County v. Maddox, supra, one of the issues raised was whether the trial court erred in finding that laches defeated claims by the police sergeants for accumulated overtime one year prior to the institution of the suit where the police sergeants did not assert their claims. We affirmed and held the trial judge correct in following the maxim that equity follows the law and limits any claim for overtime to one year prior to the institution of the subject lawsuit. See Metropolitan Dade County v. Maddox, supra 169-170.
Therefore, appellants should be entitled to recovery on the claims contained in items A, B, C, E and F for one year prior to the filing of the written notice of appeal on December 20. To hold otherwise would reach an inconsistent result with our af-firmance in the first appeal. However, any claim for overtime compensation must be determined by available documents in accordance with the stipulation agreement.
The summary judgment appealed is modified to allow the claims contained in items A, B, C, E and F for accumulated overtime one year prior to the filing of the December notice of appeal.
Affirmed as modified.