296 So.2d 638 (1974)
In re the Estate of Isaac LITZKY, Deceased.
Rose Zyontz LITZKY, Appellant,
v.
Howard F. ULLMAN, Administrator for the Estate of Isaac Litzky, Deceased, Appellee.
No. 73-1182.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Rehearing Denied July 15, 1974.
*639 Steven M. Roth, Miami, for appellant.
Lewis S. Kimler, Miami Beach, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant seeks review of a final judgment of the probate division of the circuit court determining that she is not the legal widow of the decedent and therefore is not entitled to take her statutory dower interest in his estate.
Briefly, the relevant facts before the probate judge revealed that the appellant, Rose Litzky, a/k/a Rose Zyontz, ceremonially married the decedent, Isaac Litzky, on May 13, 1971. The marriage ceremony was performed by an Orthodox Jewish rabbi, Louis Blaustein, in accordance with the rules and traditions of the Orthodox Jewish faith. The couple was issued a "Ksuba," a Hebrew marriage certificate, by Rabbi Blaustein. However, no marriage license was obtained in accordance with the provisions of Ch. 741, Florida Statutes, F.S.A. On October 1, 1971, Isaac Litzky died intestate, and the appellant filed her notice of election to take dower.
The appellant testified by deposition that the mailbox at the apartment where she and the decedent resided after the ceremonial marriage contained the names, "Mr. and Mrs. Isaac Litzky and Rose Zyontz." In addition, she testified that she continued to accept full Social Security benefits provided her as the widow of her deceased husband, Nathan Zyontz, while she lived with the decedent. She continued to accept these benefits under the name of Zyontz even after Isaac Litzky's death.
Based on this evidence, the court entered a finding that Fla. Stat. § 741.211 F.S.A. invalidated common-law marriages entered into after January 1, 1968 and that the wording of the statute does not indicate any legislative intention to distinguish a religious or ceremonial marriage from a common-law marriage. The court further rendered its interpretation of Section 741.211 as invalidating all marriages which are not entered into by the parties in good faith and in substantial compliance with the laws pertaining to marriage.
We have carefully considered all points raised by the appellant in her brief, as well as the arguments of counsel, in light of the record and the applicable law, and have concluded that no reversible error has been demonstrated.
We are in accord with the able probate judge's opinion that the law of Florida now provides for only one kind of marriage, one which is entered into by the parties in good faith and in substantial compliance with Chapter 741. Cf. Turner v. Turner, Fla.App. 1966, 192 So.2d 787, cert. den. Fla., 201 So.2d 233.
Therefore, for the reason stated, the judgment appealed is affirmed.
Affirmed.