375 So.2d 32 (1979)
METROPOLITAN DADE COUNTY, Appellant,
v.
Lee Jackson SHELTON, Husband, and Willie Mae Shelton, Wife, Appellees.
No. 78-1105.
District Court of Appeal of Florida, Fourth District.
September 12, 1979.
Rehearing Denied October 16, 1979.
Steven P. Kronenberg of Pyszka, Kessler & Adams, Miami, for appellant.
Law Offices of James F. Simpson, West Palm Beach, for appellee, Willie Mae Shelton.
BERANEK, Judge.
The question in this case is whether a particular ceremonial marriage was valid and subject to dissolution or whether it was void and subject to annulment. The trial court found it to be void and granted annulment. This is an appeal by Metropolitan Dade County from that final judgment of annulment. Appellant, Metropolitan Dade County, intervened in the suit between the parties to the alleged marriage because it was paying workmen's compensation benefits to the alleged wife who was the widow of a deceased county employee. These benefits would terminate under Section 440.16(2)(a) Florida Statutes (1977) if the widow remarried. The County asserted the marriage to be valid and appellee, the recipient of the workmen's compensation death benefits, asserted it to be void.
The controversy concerns substantial compliance with the marriage license law of Florida contained in Florida Statutes Chapter 741. The facts which are uncontested are that on Wednesday, July 6, 1977, two persons made application for a marriage license at the office of the Circuit Court Clerk in Palm Beach County. The deputy clerk advised that there was a three day waiting period and that since the courthouse was closed on the week-end, the license would not be issued until Monday, July 11, 1977. The applicants explained that the ceremony was planned for the evening of Friday, July 8, 1977, and that out-of-town guests had been invited and other arrangements made. In order to avoid embarrassment, the deputy clerk told the applicants that it would be legal to have the ceremony performed on Friday evening and to simply have the license issued on the following Monday. The applicants were assured that such a process was completely proper and the deputy clerk telephoned the notary public at the wedding chapel and so *33 advised. The wedding ceremony occurred on Friday evening, July 8, 1977, before the notary and witnesses. Subsequently, on Monday, July 11, 1977, the same notary and the same witnesses signed the certificate on the marriage license which was issued on the same date. No further ceremony took place after the issuance of the license. About one month later the wife petitioned for dissolution and then filed an alternate petition for annulment apparently on discovering that workmen's compensation benefits would be terminated if there had been a valid marriage.
The trial court held the marriage to be void and granted annulment. Neither party has cited any controlling precedent from this State.
Appellee relies upon Section 741.08, Florida Statutes (1974), which provides as follows:

741.08 Marriage not to be solemnized without a license. Before any of the persons named in § 741.07 shall solemnize any marriage, he shall require of the parties a marriage license issued according to the requirements of § 741.01, and within 10 days after solemnizing the marriage he shall make a certificate thereof on the license, and shall transmit the same to the office of the county court judge or clerk of the circuit court from which it issued.
Appellee contends this statute makes void any ceremonial marriage performed without prior issuance of a proper marriage license.
Appellant, on the other hand, urges that this court adopt a general rule that the statute is directory only and that the absence of a license does not destroy the validity of the marriage. Although we find no Florida precedent on the subject, it appears the general rule throughout the country is that an invalid marriage license does not of itself invalidate the marriage in the absence of a statutory declaration of invalidity. See 55 C.J.S. Marriage § 24, and 61 A.L.R.2d 847 Anno., solemnized marriage without license, and numerous cases cited therein.
Although we recognize the prevailing weight of authority to be in accordance with the position urged by appellant, we do not find it necessary to adopt such a rule in deciding this case. In Estate of Litzky v. Ullman, 296 So.2d 638 (Fla.3d DCA 1974), the Third District Court of Appeal held on dissimilar facts that the law of Florida provides for only one kind of marriage which is one entered into by the parties in good faith and in substantial compliance with Chapter 741. In the instant case the particular facts and circumstances demonstrate substantial compliance with the requirements of Chapter 741. The marriage license application was made under oath on a Wednesday and the parties were advised by a deputy clerk of the court that the ceremony could take place on Friday evening and the license be issued on the following Monday.[1] There is no question as to the good faith of the parties. Both of them intended to enter into a valid marriage and both assumed that the licensing procedure suggested by the clerk was valid. The parties had complied with all aspects of the marriage licensing statutes governing certificates from a physician regarding the necessary laboratory tests. The marriage ceremony was performed by a notary public who in accordance with the advice from the deputy clerk signed the certificate of marriage as having occurred on July 11, despite the fact that the ceremony was actually performed on July 8. The same notary who performed the ceremony signed the certificate and the same witnesses who actually witnessed the ceremony signed the same certificate.[2]
*34 Under the particular circumstances of this case, we find substantial compliance with Chapter 741 by the parties to the marriage contract. As such and with all due respect, we adopt a different view than that taken by the trial judge. We conclude that the marriage was valid. The final judgment of annulment is, therefore, reversed and the matter is remanded to the trial court with directions to consider the alternate petition for dissolution of marriage.
Reversed and remanded with directions.
LETTS, J., and POWELL, ROM W., Associate Judge, concur.
NOTES
[1] The deputy clerk involved in the issuance of the license clearly should not have advised the parties that a valid marriage would occur based on a marriage license issued after the date of the ceremony.
[2] We are not called upon to directly pass on the actions of the notary public who performed the marriage ceremony on one day and subsequently signed a certificate to the effect that the ceremony was performed on a different date. This decision should not be taken as condoning such procedure which is contrary to statute.