192 So.2d 787 (1966)
Anne TURNER, Appellant,
v.
Paul TURNER, Appellee.
No. 66-254.
District Court of Appeal of Florida. Third District.
December 13, 1966.
Rehearing Denied January 4, 1967.
*788 Seymour Silverman, Miami Beach, for appellant.
Koeppel & Klein, Miami, and Norman K. Schwarz, Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellant has appealed a final decree of divorce. She has assigned and argued error on each of the financial provisions of the decree. The appellee has cross assigned each provision which he deems adverse to him. The question presented in each instance is whether the record supports the finding of the chancellor.
While we cannot say that the record is without error, we hold that, with the exception of one particular hereafter discussed, it does not present reversible error. The essential holding of the chancellor is that because of devious and deceptive dealings of the parties he was unable, upon the evidence before him, to trace the equitable interest of the parties in the various assets acquired by the parties during their marriage.[1] This holding is fully substantiated by the record. We therefore affirm the decree as to the attacks upon its financial provisions upon authority of Picchi v. Picchi, Fla. 1958, 100 So.2d 627.
One of the cross assignments of error argued by the appellee urges that the following portion of the decree is unenforceable:
"(j) The defendant is ordered to cooperate with plaintiff in obtaining a Jewish divorce, any expense therefor shall be paid by the plaintiff."
It is apparent that the thrust of the order by the chancellor to the appellee is that the appellee must submit to a religious ceremony in which he will be required to take an active part. If allowed to stand, this order would be enforceable by contempt proceedings and possibly by confinement of the appellee in jail.
The statutes of the State of Florida (see Ch. 65) provide for only one kind of divorce; that is, a civil divorce "from the bonds of matrimony". An examination of the statute reveals that there is no authorization for a chancellor to require the parties to secure a religious divorce.
We have not considered the appellee's contentions that requiring him to participate in a religious ceremony is a violation of his civil rights and the principle of the separation of church and state.
We hold that the circuit judge had no authority to order the appellee to participate *789 in a religious ceremony. We amend the final decree by striking the reference to a religious divorce (paragraph "j" quoted above). See Fla. Stat. 1965, § 59.34, F.S.A. As amended, the final decree is affirmed.
Affirmed.
NOTES
[1] "Plaintiff brought to this marriage certain property consisting of an apartment house in Chicago, Illinois. This property was sold after the marriage for approximately seventy thousand dollars. She had other assets of about thirty thousand dollars. These monies were invested in a home, in business and cannot be traced with accuracy because of the devious, hidden and deceptive business dealings of the parties.

"At present, the assets of this matrimonial estate consist of the matrimonial home and furnishings, two retail tie shops and stocks and bonds totalling several thousand dollars in value. These assets are held jointly except for the said two stores which bear a corporate name with both parties hereto owning equal shares therein.
"This court has searched the record to be able to make some specific conclusions and findings as to the large sums of money frequently referred to in the testimony. It is impossible to do so because of the eccentric, unconventional conduct of the parties. This includes the Seven thousand five hundred dollar under the table transaction. There is scant evidence to make any legally supported conclusion, and it is `next to impossible' to determine their true financial status."