PER CURIAM.
The appellee and others were discharged as firemen by the City of Miami Beach. Thereafter, they were ordered reinstated by circuit court proceedings; affirmed in this court and certiorari denied by the Supreme Court of Florida. See: Rubin v. Sanford, Fla.App.1964, 168 So.2d 774; Rubin v. Shapiro, Fla.App.1965, 170 So.2d 460; Rubin v. Sanford, Fla.1965, 180 So.2d 331. The background of the removals is set forth in the opinion of this court, found in Rubin v. Sanford, supra. Following their reinstatement, the firemen moved to require the City to account to them for their entire pay during the period they were not working for the City. The City was ordered to make full restitution with no mitigation by taking into account the actual earnings of the appellee [and others similarly situated] during the disciplinary proceedings. The circuit court also proceeded .to fix attorneys’ fees for services rendered to the appellee before the Personnel Board and in the appellate proceedings. The Personnel Board has prosecuted this appeal, contending the trial court erred in not taking into account the earnings of the firemen in mitigation of the sums due them and in fixing attorneys’ fees.
We reverse as to the mitigation upon the authority of Rubin v. Shapiro, Fla.App.1967, 198 So.2d 854 (opinion filed this day), and reverse as to the attorney’s fees because of the following: No attorney’s fees should have been allowed for services rendered at the first personnel hearing, as these fees [when the employee is successful] are awarded by the Board.[1] The trial court was not possessed of the jurisdiction to fix fees for appellate services. See: Anderson v. Anderson, Fla.App.1965, 180 So.2d 360; Howell v. Howell, Fla.App. 1966, 183 So.2d 261. Counsel having failed to file a motion for fees before the appellate courts, in accordance with the rules of procedure, waive the right to appellate fees. See: Rule 3.16(e), Florida Rules of Civil Procedure, 31 F.S.A.; Ames v. Ames, Fla.App.1963, 153 So.2d 737; Poling v. City Bank & Trust Company of St. Petersburg, Fla.App.1966, 189 So.2d 176.
Therefore, the final order here under review is hereby reversed, and this cause is *858 remanded to the trial court for .the purpose of reascertaining the amount of back pay due the appellee and the amount of attorney’s fees to be allowed for services in the trial court.
Reversed and remanded, with directions.

 * * * * * * *
“AVIien an appeal from disciplinary action finally results in a reversal or setting aside of such disciplinary action by the Personnel Board, or by a competent court, then the employee shall be entitled to recover all wages and emoluments lost by reason of such disciplinary action, and to recover bis court costs and reasonable attorney’s fees as determined by the Personnel Board in the event that the final determination of the issue has been made by the said Personnel Board or determined by the court, if final determination is as a result' of court action.”
* * * * *