237 So.2d 134 (1970)
Leonard SANFORD, Appellant, Petitioner,
v.
Simon E. RUBIN et al., Appellees, Respondents.
Julius SHAPIRO, Appellant, Petitioner,
v.
Simon E. RUBIN et al., Appellees, Respondents.
Nos. 38357, 38422.
Supreme Court of Florida.
July 1, 1970.
Rehearing Denied July 29, 1970.
*135 Stephen H. Cypen, of Irving Cypen Law Offices, Miami Beach, for appellants-petitioners.
Joseph A. Wanick, City Atty., for appellees-respondents.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of a District Court of Appeal (Rubin v. Sanford, 218 So.2d 177), which allegedly conflicts with prior decisions of this Court and the decisions of other District Courts of Appeal.
This litigation began when the City of Miami Beach through the respondents, members of the Personnel Board of the City, attempted to remove three firemen, Julius Shapiro, Leonard Sanford (petitioners herein) and Henry Major from their positions in the City Fire Department because they had been found guilty of a criminal act involving fraud in the Criminal Court of Dade County, Florida. The Criminal Court, however, withheld adjudication of guilt.
In accordance with the procedure established by the City's Civil Service Act, Ch. 18696, Special Acts of 1937, as amended by Ch. 27735, Special Acts of 1951, charges were preferred by the Chief of the Fire Department. These charges were heard by the City's Personnel Board. The Board, for a technical reason, dismissed these charges, and the Fire Chief thereupon refiled the charges. This resulted in a second hearing at which the Personnel Board upheld the removal of the three firemen.
Each of them then filed a petition for writ of certiorari in the Circuit Court. After a hearing, the Circuit Court ordered that Shapiro and Sanford be reinstated. The case of the third fireman, Henry Major, was held in abeyance in the Circuit Court pending determination of the cases involving Shapiro and Sanford.
On appeal, the Third District Court of Appeal affirmed the judgment of the Circuit Court. Rubin et al. v. Sanford, 168 So.2d 774 (Fla.App.3rd, 1964); Rubin et al. v. Shapiro, 170 So.2d 460 (Fla.App.3rd, 1965). Petitions for certiorari were denied by this Court. Rubin et al. v. Sanford, 180 So.2d 331 (Fla. 1965); Rubin et al. v. Shapiro, 180 So.2d 334 (Fla. 1965).
After the cases were remanded, a disagreement arose as to whether these firemen were entitled to full pay for the time they were off the City's payroll or whether they were entitled to only the difference between their salaries and what they had *136 earned in outside employment. Further legal proceedings were held which resulted in the Third District Court of Appeal holding that the City was entitled to set off what these firemen had earned in outside employment against the salaries due the firemen. Rubin et al. v. Shapiro, 198 So.2d 854 (Fla.App.3rd, 1967); Rubin et al. v. Sanford, 198 So.2d 856 (Fla.App.3rd, 1967). In the latter opinion, the District Court on remand ordered the trial court to ascertain the amount of attorneys' fees to be allowed for services in the trial court. Once again, Shapiro and Sanford sought certiorari and their petitions were denied. Sanford v. Rubin et al., 204 So.2d 331 (Fla. 1967); Shapiro v. Rubin et al., 204 So.2d 331 (Fla. 1967).
The only question remaining in the litigation was the amount of "reasonable attorneys' fees" to be awarded to the attorneys for the firemen under the provisions of § 8, Ch. 27735, Special Acts 1951, which contains the following:
"When an appeal from disciplinary action finally results in a reversal or setting aside of such disciplinary action by the Personnel Board, or by a competent Court, then the employee shall be entitled to recover all wages and emoluments lost by reason of such disciplinary action, and to recover his court costs and reasonable attorney's fees as determined by the Personnel Board in the event that the final determination of the issue has been made by said Personnel Board or determined by the Court, if final determination is as a result of Court action." (pp. 1772, 1773).
Judgment was obtained from one Circuit Judge in the amount of $12,500 as attorneys' fees for representing Sanford and another judgment was procured from another Circuit Judge in the identical amount as attorneys' fees for representing Shapiro. The respondents appealed these judgments to the Third District Court of Appeal which held that the two Circuit Judges were without jurisdiction to include within these fees an amount for work done in the Appellate Court. The District Court reversed and ordered the Circuit Judges to fix a fee excluding therefrom any work done in the Appellate Court. Rubin et al. v. Sanford, 198 So.2d 856 (Fla.App.3rd, 1967).
Thereafter, the first Circuit Judge awarded a $9,000 fee in the Sanford case and the second Circuit Judge awarded an identical fee in the Shapiro case. The respondents, members of the Personnel Board, being dissatisfied with the amount of the fee again appealed to the Third District Court. This appeal was grounded on the question of whether the awards were so grossly excessive as to shock the judicial conscience. During the course of one of the oral arguments, the attorney for the Personnel Board asserted for the first time that the provisions of the City's Civil Service Act in § 8, Ch. 27735, Special Acts 1951, was unconstitutional because no reference was made in the title of the Act to awards for attorneys' fees. The title of the Act reads as follows:
"AN ACT Amending Chapter 18696, Laws of Florida, Acts of 1937, Entitled `An Act Creating a Civil Service System for Certain Officers and Employees of the City of Miami Beach, Florida; Creating a Department of Personnel, Defining Its Membership, Powers and Duties; Designating the Officers and Employees Who Are Within the Terms of Said Act; Defining the Certain Terms of Said Act; Providing for Appointments, Promotions, Suspensions, Reductions and Removals of Officers and Employees; Providing for the Status of Officers and Employees Holding Positions When This Act Takes Effect; Providing for a Referendum When Said Act Shall Take Effect and Other Matters Relating Thereto.', Providing for a Change in the Method and Procedure of Administering the Civil Service System of the City."
Thereupon, the Third District Court of Appeal required the parties to file additional *137 briefs and participate in an additional oral argument limited to this constitutional question. The Third District Court of Appeal then entered its opinion and judgment (Rubin et al. v. Sanford and Rubin et al. v. Shapiro, 218 So.2d 177), which is now before us for review by petition for writ of certiorari. The District Court held that the failure to include the right to attorneys' fees in the title made Section 8 of the Act unconstitutional and said:
"It is also apparent that the question of constitutionality of a statute, tested in light of the provisions of Art. III, § 16, Constitution of the State of Florida, may be raised for the first time on appeal as fundamental error.
"* * *
"The appellees urge that even if fundamental error may be found in Rubin v. Shapiro [Case Nos. 68-240, 68-241], it should not be visited upon the order under review in Rubin v. Sanford [Case Nos. 68-238, 68-239], because it was not called to the attention of the court in the briefs or the oral argument. We find this position not to be well taken. Fundamental error may be found by the appellate court itself in reaching its conclusion, even if it was not mentioned in either the briefs or oral argument." (p. 179)
The opinion and decision under attack is in conflict with Randi v. State, 182 So.2d 632 (Fla.App.1st, 1966), where the Court said:
"The issue respecting the constitutionality of the statute in question was neither raised in the trial court, nor was it passed upon by the trial judge in this proceeding. Such issue may not be raised for the first time by the brief on appeal and is therefore not properly before this court for consideration."
Also, this Court stated in Greene v. Alexander Film Co., 65 So.2d 53 (Fla. 1953):
"The appellant could not indulge in such dilatoriness, make an oblique attack, for the first time in this court, on the officer's authority, and thus obligate us to consider, discuss and decide the constitutionality of an act of the legislature.
"Our decision is that the judgment should be affirmed without exploring the validity of the act in question." (p. 54)
Numerous cases were cited by the District Court of Appeal sustaining the statement that the constitutionality of a statute could be raised for the first time on appeal as fundamental error. Upon examination of the authorities cited by the District Court of Appeal and those cited by respondents in their brief, it appears that the constitutional issue in each case involved fundamental error. These cases do not hold that every constitutional issue amounts to fundamental error cognizable initially upon appeal. Constitutional issues, other than those constituting fundamental error, are waived unless they are timely raised.
"Fundamental error," which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. The Appellate Court should exercise its discretion under the doctrine of fundamental error very guardedly. See Holman v. State, 97 Okla. Cr. 279, 262 P.2d 456; State v. Heisler, 58 N.M. 446, 272 P.2d 660; Goodhue v. Fuller, 193 S.W. 170, 172 (Tex.Civ. App.).
The above-extended statement of facts in the cases sub judice is included to show that the allowance of the attorneys' fee did not go to the merits of the case or the foundation of the case. This extended litigation involved the right of petitioners to retain their employment and receive compensation for the time of their suspension by virtue of an erroneous ruling of the Personnel Board.
In Nelson et al. v. Selden Cypress Door Co., 78 Fla. 203, 83 So. 286 (1919), the final *138 judgment in a mechanic's lien foreclosure suit included a 10 per cent attorneys' fee. On petition for rehearing in the Appellate Court, it was claimed that under the law attorneys' fees were not recoverable in suits to foreclose mechanic's lien. This Court held that the question was waived, saying:
"While the judgment awards attorney's fees to the amount of 10 per cent. of the recovery, no objection was made to this in any of the proceedings shown by the transcript. The illegality, if any, in the judgment, because of the allowance of attorney's fees was not questioned, and consequently the point was waived. As the question of attorney's fees was not presented for determination when the case was heard on its merits, such question cannot now be presented, on an application for rehearing, as a matter overlooked by the court in affirming the judgment."
St. Paul Fire & Marine Insurance Company v. Hodor, 200 So.2d 205 (Fla.App.3rd, 1967) was an action by the insured against the insurer for breach of contract to defend under an insurance policy. After trial, the trial court entered a summary judgment and found the insurer liable for certain attorneys' fees. On appeal to the Third District Court of Appeal, the appellant insurer argued that the statute pertaining to recovery of attorneys' fees from the insurer in an action against it by its insured was unconstitutional. The Court in its opinion said:
"Appellant's seventh point raises a constitutional issue as to the validity of § 627.0127 Fla. Stat., F.S.A. Inasmuch as the trial court did not expressly rule on the issue, and the point is not argued in the brief, we do not consider that the judgment directly passed upon the validity of the statute. See Lipe v. City of Miami, Fla. 1962, 141 So.2d 738, 743." (p. 207)
There being no fundamental error, the District Court of Appeal in the case sub judice improperly considered the constitutionality of Ch. 27735, Laws of Florida, Special Acts 1951. This objection having been waived, this Court at this late date will not pass upon the constitutionality of Sec. 8, Ch. 27735, Special Acts of 1951.
Other points raised by petitioners have been considered by the Court and are without merit. This litigation should come to a conclusion. The fee awarded by the trial court is reasonable and was awarded at the direction of the District Court of Appeal. Rubin v. Sanford, 198 So.2d 856 (Fla.App. 3rd, 1967).
The decision and opinion of the Third District Court of Appeal is quashed and the cause is remanded to the Third District Court of Appeal with directions to further remand said cause to the trial court for the purpose of reinstating the judgment granting the attorneys' fee.
It is so ordered.
ERVIN, C.J., and DREW, THORNAL and BOYD, JJ., concur.