DOWNEY, Judge.
This is an appeal from an adverse final judgment wherein appellant (Stevens) sought to foreclose a second purchase money mortgage. Appellee (Allegro), as the purchaser/mortgagor, contended that the note and mortgage involved did not comply with section 697.05, Florida Statutes (1982), pertaining to balloon mortgages.
In January, 1982, Stevens contracted to sell a commercial building to Allegro. As part of the purchase price Stevens took back a second purchase money mortgage for $21,250 payable in monthly installments of $218.59, including principal and interest. The original note bore the legend: “This note shall become fully due and payable 5 years from date.” However, the copy of the note attached to the mortgage did not contain even that inadequate legend. The note further provided that “payments shall be applied first to interest and balance to principal, and interest shall be calculated on the balance remaining from time to time unpaid.”
When the note came due in 1987, neither party appeared to recognize the due date. However, in due course, Stevens called upon Allegro to pay the note and, after an extension of time to refinance the debt was unsuccessful, Stevens filed this suit to foreclose the mortgage. On the date set for trial, Allegro filed amended defensive pleadings contending that the note and mortgage did not comply with section 697.-05, Florida Statutes, and thus violated the balloon mortgage requirements resulting in the imposition of penalties against the plaintiff mortgagee.
During trial Stevens argued that the note and mortgage in question did not fall within the ambit of the balloon mortgage statute because by their terms the monthly payments covered only interest, and such a note and mortgage are exempt from the statute. However, since the instruments involved mention “principal and interest” payments several times, the trial court determined that an ambiguity existed and allowed the adduction of parol evidence. The court concluded that the term of the note in question was five years and, thus, it was controlled by section 697.05, Florida Statutes (1982). A judgment was thus entered imposing the various penalties afforded by said statute against Stevens.
On appeal, Stevens once again contends that the note and mortgage called for the payment of interest only because the amor *381 tization of the note according to its terms called for a payment that covered less than the interest due for any particular period. It was, as Stevens characterizes it, “a negative amortizing note.”
Be that as it may, the main thrust, as we see it, of Stevens’ appellate presentation is that the wrong statute was considered below and, had the correct statute been applied, the trial court could not have ruled in favor of Allegro. In 1982, when the mortgage and note were executed, section 697.-05 did not apply to instruments for a term of more than five years. However, at the time of trial, in 1989, the statute had been amended so as to exclude from its requirements notes for a term of five years or more. Thus, at the time of execution, the balloon statute was applicable to this transaction, whereas, in 1989, when the case was tried, the balloon statute did not apply. Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (Fla. 4th DCA 1985).
Allegro recognizes the validity of the legal principle that statutes relating to remedies or procedure, including forfeitures, operate retroactively, in that all pending proceedings, including matters on appeal, are determined under the law in effect at the time of decision, rather than that in effect when the cause of action arose or some earlier time. However, it contends that the principle is not relevant here because Stevens never relied on the 1989 version of the statute in the trial court. Stevens based his exemption from the balloon statute on his contention that the note and mortgage called for interest payments only, a contention valid under the 1982 statute if the note was truly an interest only note. The trial court, of course, found against Stevens on this point.
Thus, it becomes necessary for this court to decide whether the failure to rely on the proper statute in the trial court precludes reliance thereon in this court. No doubt generally such oversight is a bar to raising it in this forum. However, this case appears to be a classic case for application of the doctrine of fundamental error, which enables one to present a theory for the first time on appeal.
In Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970), the court described fundamental error as follows:
“Fundamental error,” which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action.
The case of Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), contains an example of both fundamental and nonfun-damental error, one reviewable without objection below and the other not. The case involved a wrongful death action by the parents of two teenage boys who were killed by a dynamite explosion. During the trial, parts of the depositions of two neighbors were admitted in which they indicated they had satisfactorily settled' their own claims for damages arising from the explosion. On appeal from adverse' judgments in favor of the plaintiffs, appellants contended admission of said depositions was reversible error. The district court held that the record did not reflect any objection to their admission and resort to fundamental error could not be had because an evi-dentiary error of this kind plainly did not go to the heart or foundation of the case. However, the court found the fundamental error doctrine did apply to the admission of elements of damage awarded in the form of “net accumulations,” which, though unobjected to, were not authorized by statute and, thus, not recoverable by law. The court pointed out that, although no objection was made to preserve the error for appellate review, it was not necessary. The court said:
However, the rule [requiring an objection in order to preserve an error for appellate review] does not apply to this point. The estates have recovered damages to which they have no right under the law. Such an error is a fundamental one which requires reversal notwithstanding the lack of appropriate objection at the trial. As this court recently held in Keyes Co. v. Sens, 382 So.2d 1273, 1276 (Fla. 3d DCA 1980):
The rule that questions not presented to and ruled upon by the trial court *382 are not reviewable on appeal is subject to the exception that an appellate court may consider and rule upon a constitutional or fundamental error when first raised or revealed on the record on appeal.
Id. at 1267-1268.
Stevens pleads excusable ignorance of the amendment to the statute because he had not sufficient opportunity to study the statute and cases thereon because the trial court allowed Allegro to assert the statutory defense for the first time on the day of trial. Be that as it may, we believe that the application of the wrong statute in the trial court and the resulting judgment imposing penalties against Stevens when the applicable statute then existing would not allow such imposition went to the heart of the case and constitutes fundamental error that this court should recognize.
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial.
HERSEY, C.J., and WARNER, J., concur.