586 So.2d 1253 (1991)
Howard J. FLEISCHER, Appellant,
v.
Ivy Faske FLEISCHER, Appellee.
No. 90-1515.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
Rehearing and Certification Denied October 29, 1991.
*1254 James P. O'Flarity of James P. O'Flarity, P.A., West Palm Beach, for appellant.
Michelle Kohn Harllee of Donald J. Sasser, P.A., West Palm Beach, for appellee.
FARMER, Judge.
We affirm on all issues and mention only briefly an issue sought to be presented on this appeal: whether the chancellor in a dissolution of marriage case can require the husband to get a "get" for his now former wife. A "get" is a document prescribed by Jewish religious tradition, severing the marriage upon an authorization by the husband, which places the wife in a position to remarry within the Jewish religion. See Minkin v. Minkin, 180 N.J. Super. 260, 434 A.2d 665, 667 (1981). In Turner v. Turner, 192 So.2d 787 (Fla. 3rd DCA 1967), cert. denied, 201 So.2d 233 (1967), the third district held that such a provision is unenforceable.
On appeal, the husband argues that it is a violation of the First Amendment to enforce this provision. His argument might be entitled to consideration, however, if he had not taken such an inconsistent position in the trial court on this issue. As it happened, he never opposed it on constitutional grounds. In fact, he testified that he would agree to it if he got what he wanted in the property division. He certainly never raised any kind of constitutional attack on the provision, as he now seeks to do in this court.
Constitutional issues, like any other, are waived unless they are first presented in the trial court. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); and Granados v. Miller, 369 So.2d 358 (Fla. 4th DCA 1979). The only exception to the raise-it-or-waive-it rule is for fundamental error. "Fundamental" error, in this sense, refers to error that goes to the very heart of the judicial process, not to mistakes as to which arguably correct law or rule to apply, or as to the application of such a rule of law to the facts in the case.
In this case, the trial judge ordered the husband to give his approval to the wife's application for a "get" and allowed the wife to withhold money she owes the husband under the final decree until he gives such approval. Because he failed to oppose this provision on any basis other than that he would agree to it if he got the property he wanted, we find that he has failed to show any error in the trial judge's decision.
AFFIRMED.
STONE and GARRETT, JJ., concur.