SHEVIN, Judge.
Edward J. Bloch appeals a final judgment of dissolution of marriage. Margaret M. Bloch cross-appeals from the judgment. We affirm on appeal and cross-appeal.
The issues raised in the former husband’s appeal challenge various aspects of the alimony award and the security ordered for the award. The appropriate inquiry is whether the awards constitute an abuse of discretion. We hold that the court did not abuse its discretion in its determination of the former wife’s need or in its alimony award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The court properly considered the “parties’ earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties’ estate.” Canakaris, 382 So.2d at 1201-02. The record amply supports the trial court’s findings. Moreover, the court was under no obligation to require the former wife to prematurely convert her individual retirement accounts to create an income stream for her support. McLean v. McLean, 652 So.2d 1178, 1181 (Fla. 2d DCA 1995). Lastly, the court did not abuse its discretion in the security it required for the former wife’s alimony award. Of course, our holding is without prejudice to the former husband seeking any appropriate future alimony modification should a change in circumstances so warrant.
The former husband also argues that the trial court erroneously ordered him to provide the former wife with a “get”[1] by stating in the final judgment that
in the event the [former] Husband does not, within fifteen (15) days of this date, initiate and cooperate in the obtaining of a GETT [sic] — which he specifically is NOT Ordered [sic] to do — the Court reserves jurisdiction to re-consider and re-compute the Equitable Distribution, Alimony, Child Support and other economic provisions of this Judgment in order to make them more equitable in the light of the [former] Wife’s changed status.
*947 However, while the court lacks authority to order the former husband to participate in a religious ceremony, Fleischer v. Fleischer, 586 So.2d 1253 (Fla. 4th DCA 1991); Turner v. Turner, 192 So.2d 787 (Fla. 3d DCA 1966), cert. denied, 201 So.2d 233 (Fla.1967), we find that this provision is nothing more than a permissible reservation of jurisdiction. To prevail in any future modification request, the former wife will have to demonstrate a change in circumstances, Chastain v. Chastain, 73 So.2d 66 (Fla.1954), and any modification of the final judgment will be subject to appellate review.
Turning to the former wife’s issues on cross-appeal, we hold that the former husband’s future disability benefits are not marital assets and are not subject to equitable distribution. Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989); Rosen v. Rosen, 655 So.2d 153 (Fla. 3d DCA 1995). Additionally, the court did not abuse its discretion in awarding the former husband his mother’s ring. There is no record evidence to support a finding that the ring was intended as a gift to the former wife.
We also reject the former wife’s claim that the court abused its discretion in denying her motion for attorney’s fees. The parties’ financial positions are not such that a fee award was necessary to enable the former wife to secure competent counsel. Cana-karis, 382 So.2d at 1205.
Based on the foregoing, we affirm the final judgment in its entirety.

. "A ‘get’ is a document prescribed by Jewish religious tradition, severing the marriage upon an authorization by the husband, which places the wife in a position to remarry within the Jewish religion.” Fleischer v. Fleischer, 586 So.2d 1253, 1254 (Fla. 4th DCA 1991).