710 So.2d 51 (1998)
Julie O'BRIEN and Brian O'Brien, as Personal Representatives of the Estate of Keegan Patrick O'Brien, a deceased minor, Appellants,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Appellee.
No. 97-1035.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
James B. Tilghman, Jr. and Gary D. Fox of Stewart, Tilghman, Fox & Bianchi, P.A., Miami, for appellants.
David W. Black of Frank, Effman, Weinberg & Black, P.A., Plantation, for appellee.
KLEIN, Judge.
The O'Briens, as personal representatives of the estate of their son, brought this action under the Florida Birth-Related Neurological Injury Compensation Plan established by section 766.303, Florida Statutes (1995). The administrative judge found that their son's death was not compensable under the plan, and they appeal. We affirm, but address one issue, the lack of review by a medical advisory panel.
Section 766.308, Florida Statutes (1995) provides:
(1) Each claim filed with the division under ss. 766.301-766.316 shall be reviewed by a medical advisory panel of three qualified physicians appointed by the Insurance Commissioner, of whom one shall be a pediatric neurologist or a neurosurgeon, one shall be an obstetrician, and one shall be a neonatologist or a pediatrician. The panel shall file its report, with its recommendation as to whether the injury for which the claim is filed is a birthrelated neurological injury, with the division at least 10 days prior to the date set for the hearing. At the request of the division, at least one member of the panel shall be available to testify at the hearing. The administrative law judge shall consider, but not be bound by, the recommendation of the panel.
(2) The Department of Insurance shall develop a plan which provides the method and procedure for such medical advisory panel review and shall develop such plan in coordination with the Division of Medical Quality Assurance of the Department of Business and Professional Regulation and the Children's Medical Services Program Office of the Department of Health and Rehabilitative Services.
At the start of the administrative hearing the O'Briens' counsel asked the judge whether a report had been prepared pursuant to section 766.308, as he had not received a copy, and the judge responded that he was not in possession of such a report and had no information about it. The O'Briens' made no objection to proceeding in the absence of the report, but they now argue that we should reverse. Appellee responds that this is not fundamental error and that the O'Briens were thus required to object in the trial court.
*52 In Castor v. State, 365 So.2d 701, 703 (Fla.1978), our supreme court explained:
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
There is an exception to the rule requiring an objection where the error is fundamental. Florida's seminal decision on fundamental error in civil cases is Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970), in which the court defined it as "error which goes to the foundation of the case or goes to the merits of a cause of action," which should be used by appellate courts "very guardedly." In Sanford the district court of appeal had reversed an attorney's fee award because the legislative act authorizing the recovery of fees was unconstitutional. The constitutional issue, however, had not been raised in the trial court. Despite the fact that the legislation was unconstitutional as a matter of law, the Florida Supreme Court concluded that this was not fundamental error and reversed the appellate court's decision.
This court has generally limited the use of the Sanford type of fundamental error to situations in which the trial court granted relief when the party obtaining the relief was, as a matter of law, not entitled to it. See, e.g., Stevens v. Allegro Leasing, Inc., 562 So.2d 380 (Fla. 4th DCA 1990) (trial court imposed statutory penalties, unaware that a recent amendment to the statute had removed the penalties); In re Estate of Norem, 561 So.2d 434 (Fla. 4th DCA 1990) (trial court found appellee to be pretermitted spouse when she did not meet the statutory definition); Palm Beach County v. Awadallah, 538 So.2d 142 (Fla. 4th DCA 1989) (trial court awarded business damages in eminent domain case in which, as a matter of law, business damages were not recoverable); Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA 1987) (trial court allowed punitive damage award where it was not authorized by statute under which plaintiff was proceeding); Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986) (trial court struck pleadings of individual defendant, when it was only corporate defendant who was being sanctioned for discovery violation); Broward County v. Greyhound Rent-A-Car, Inc., 435 So.2d 309 (Fla. 4th DCA 1983) (trial court required condemning authority to place money in registry of court for parcel of property not subject of eminent domain suit). In all of these cases the appellate courts were able to correct legal errors which went to a party's right to recover, without having to reverse for a new trial.
There are other types of errors which courts universally allow to be raised for the first time on appeal because of the very nature of the error, such as subject matter jurisdiction, 84 Lumber Co. v. Cooper, 656 So.2d 1297 (Fla. 2d DCA 1994) or where a judgment is void because it is entered without proper notice which results in a denial of due process. Florio v. State ex. rel., Epperson, 119 So.2d 305 (Fla. 2d DCA 1960).[1]
In Moorman v. American Safety Equipment, 594 So.2d 795, 800 (Fla. 4th DCA 1992), Judge Farmer wrote, for this court, that fundamental error:
[i]s being used far too routinely. Appellate courts should not appear to strain to reach issues which have not been adequately preserved below. There is nothing unjust about refusing to relieve a party of its own failure to do something about an internal inconsistency in a verdict until long after the rendering jury had been discharged.
We have not been as willing, as some of our sister courts, to find fundamental error *53 where, if an objection had been raised in the trial court, the error could have been corrected and a new trial would have been unnecessary. See, e.g., Keyes Co. v. Sens, 382 So.2d 1273 (Fla. 3d DCA 1980) (fundamental error for jury to return inconsistent verdict assessing more compensatory damages against the employer than against employee, when employer was only vicariously liable for act of employee); Bennett v. Continental Chems., Inc., 492 So.2d 724 (Fla. 1st DCA 1986) (fundamental error to set case which was not yet at issue for trial); and the fundamental error in closing argument cases. E.g., Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985); Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA 1992); and Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993).
Our limited use of this principle in civil cases, is, we think, supported by the fact that even in criminal cases, where a miscarriage of justice has far more serious consequences, the Florida Supreme Court has held that fundamental error must be "equivalent to a denial of due process." Mordenti v. State, 630 So.2d 1080, 1084 (Fla.1994).
The O'Briens, recognizing that our precedent would require objection here, argue that an objection would have been a useless act because neither they nor the court could have required the Department of Insurance to comply with the statute. That, however, is speculation. Less speculative, we think, is the inference that the O'Briens made a tactical decision not to request a medical advisory panel. Their failure to object accordingly constituted a waiver. See Nelson v. Reliance Ins. Co., 368 So.2d 361 (Fla. 4th DCA 1978) (failure to object to improper argument is a judgment call by counsel as to how the trial is going and is therefore a tactical decision to waive the error).
We have considered the other issues raised by the O'Briens and find them to be without merit. Affirmed.
DELL and FARMER, JJ., concur.
NOTES
[1] See also In re Fey, 624 So.2d 770 (Fla. 4th DCA 1993) (failure to appoint independent counsel in guardianship proceeding violated incompetent's right to due process), and Polyglycoat Corp. v. Hirsch Distribut., Inc., 442 So.2d 958 (Fla. 4th DCA 1983), in which we said in dicta that the trial court's exclusion of a corporate representative from the court room, leaving the corporation unrepresented by a person, was fundamental error. Because the right of a party to be present at trial is "sacrosanct," Ferrigno v. Yoder, 495 So.2d 886, 888 (Fla. 2d DCA 1986), this dicta was in harmony with decisions allowing violations of due process to be raised for the first time on appeal.