COBB, Judge.
Poole appeals from an order of the Unemployment Appeals Commission which affirmed the decision of the appeals referee to deny her unemployment compensation benefits. She claims she is entitled to a new hearing because she was denied the opportunity to cross-examine the sole witness (Reginald Stone) presented against her by her employer, Aleo Rest, Inc. (“Aleo”). Stone was the executive director of Aleo. He appeared at the adversary hearing as Alco’s representative, as well as its only witness. Following Stone’s direct testimony, the telephone hearing was continued and reconvened several weeks later.
The claimant did not have an opportunity to cross examine Stone, but this omission does not require reversal for at least two reasons. First, when the appeals referee reconvened the telephone hearing, the referee informed the claimant that Stone could not be reached and that the referee was “going to proceed with the hearing.” The claimant did not object. The referee stated that:
According to my notes from last time, this is going to be your opportunity to question the employer, but since the employer — we can’t reach him for some reason, at this time I’m going to go ahead and take your testimony.
The claimant replied “okay.” The referee then informed the claimant as follows:
REFEREE: So I’m going to take your testimony today and then take the testimony — if you wish your witness to testify you may ask him questions. You will also be able to make a closing statement. I’m going to enter your documents into evidence a little bit later on in the proceeding. And then after the hearing is adjourned, a decision will bé made and mailed to both parties within two weeks from today’s date.
Ms. Poole, do you have any questions as to what we’re going to do today?
POOLE: No, I have no questions.
.The claimant was fully informed of the procedure and consented thereto. The appeals referee may have concluded from the claimant’s responses that the claimant no longer deemed cross-examination of Stone as crucial.
Second, the claimant apparently never raised this alleged error before the Unemployment Appeals Commission. It is raised for the first time on this appeal. A litigant cannot remain silent concerning such a purported error and upon return of an adverse decision, then for the first time raise the purported error on appeal. The alleged error here is not fundamental in nature as going to the foundation of the case. See Sanford v. Rubin, 237 So.2d 134 (Fla.1970).
*976 The order of the Unemployment Appeals Commission is affirmed.
ANTOON, J., concurs.
W. SHARP, J., dissents with opinion.