PLEUS, J.
Margrill sued Segui for repayment of a loan and prevailed. We affirm the final judgment in .all respects except the award of attorneys fees. The lower court erred in awarding attorneys fees because the final judgment was not 25% greater than the offer of settlement, as required under section 768.79(1), Florida Statutes. That subsection states in pertinent part:
If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25% greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand.
The offer of settlement was for $31,000. Because the final judgment was for $36,513.87, exclusive of attorney’s fees, the judgment was insufficient to award attorney’s fees pursuant to the offer of settlement.
Margrill argues that the final judgment did exceed 25% of the offer of settlement when the attorney’s fees are considered as part of the final judgment. He cites two cases for the proposition that when considering the threshold amount or “judgment” under the statute, the amount should include costs, prejudgment interest, and attorney’s fees accrued at the time of the offer of settlement. See White v. Steak and Ale of Florida, Inc., 816 So.2d 546 (Fla.2002); Stephenson v. Holiday Rambler Corp., 709 So.2d 139 (Fla. 4th DCA), rev. denied, 719 So.2d 893 (Fla.1998). In White, the supreme court concluded that the words “judgment attained,” in section *519 768.79, include the “net judgment for damages and any attorney’s fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer.”
These cases do not support the award of attorney’s fees in the instant case because no attorney’s fees had accrued as of the date of the offer of settlement. Margrill’s claim for attorney’s fees was based solely upon the offer of settlement, not on any contract or other statute. Thus, if the lower court had awarded a final judgment as of the date of the offer of settlement, that award would not have included any attorney’s fees. Accordingly, the $7,500 award of attorney’s fees should not have been included in calculating the amount of the judgment obtained for purposes of determining whether to award attorney’s fees. The attorney fee award is reversed.
Because we reverse the fee award, we do not need to address the remaining arguments regarding attorney’s fees. We also reject Segui’s argument that the trial court erred by not allowing him to cross-examine Margrill. This error was not preserved below and was not fundamental under the circumstances of this case. See Poole v. Unemployment Appeals Com’n, 719 So.2d 974 (Fla. 5th DCA 1998).
AFFIRMED IN PART, REVERSED IN PART.
GRIFFIN and ORFINGER, JJ., concur.