PETERSON, J.
Courtney Lee Turner appeals an order designating him a sexual predator under section 775.21, Florida Statutes (2002), Florida’s Sexual Predator Act (“Act”). Turner challenges the constitutionality of the Act and asserts that his substantive due process rights were violated. Because this issue is raised for the first time on appeal, we affirm the trial court’s order.
Turner posed as a police officer and threatened alleged prostitutes over the age of 18 with arrest in order to gain sexual favors. He was arrested on multiple occasions and charged inter alia with sexual battery and kidnaping.[1] As a part of a plea agreement reached with the State, Turner pled nolo contendere in four cases and agreed to a sentence of ten years’ incarceration followed by forty-five years of sex-offender probation. The agreement, initialed by Turner, contained a provision that required him to fully cooperate with authorized officials to fulfill any registration or identification procedures required by law.
The State subsequently filed a notice in each of the four cases informing the court that pursuant to section 775.21(4), Turner qualified as a sexual predator. Further, prior to accepting the plea agreement, the court advised Turner that in all likelihood he would be declared a sexual predator. The court subsequently entered orders in each case declaring that Turner was a sexual predator. For the first time on appeal, Turner challenges this designation and asserts that the court’s finding violates his substantive due process rights.
In the absence of fundamental error, an appellate court will not consider constitutional issues that have been raised for the first time on appeal. See Sanford v. Rubin, 237 So.2d 134 (Fla.1970); see generally, Philip J. Padovano, Florida Appellate Practice, §§ 8.4, 25.3 (West 2001). Fundamental error, which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. Sanford, 237 So.2d at 137. An appellate court should exercise its discretion under the doctrine of fundamental error very guardedly. Id.[2]
*75 Turner does not challenge the criminal statutes under which he was convicted. Instead, his constitutional challenge is directed towards a collateral matter that is merely a consequence of being adjudicated guilty of certain sex crimes. See> e.g., Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997) (recognizing that the designation “sexual predator” is neither a sentence nor a punishment, but simply a status resulting from being convicted of certain crimes), rev. denied, 707 So.2d 1124 (Fla.1998). Turner’s designation as a sexual predator does not influence the merits of his criminal conviction nor does it affect the foundation of this case. Because the court’s designation is a collateral matter and does not constitute fundamental error, Turner’s failure to present his argument to the trial court precludes appellate review. Cf. State v. Johnson, 616 So.2d 1 (Fla.1993) (holding defendant’s challenge to 1989 amendments to habitual felony offender statute, based on single subject violation, was question of fundamental error and, therefore, could be raised for the first time on appeal as it involved fundamental liberty due process interests because amendments allowed court to impose substantial extended term of imprisonment on defendant).
AFFIRMED.
PLEUS and ORFINGER, JJ., concur.

. § 787.01(l)(a), (2), Fla. Stat. (2002); § 794.011(3), Fla. Stat. (2002).

. See, e.g., Scoggins v. State, 726 So.2d 762 (Fla. 1999) (recognizing that fundamental error is error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error); Clark v. State, 363 So.2d 331 (Fla.1978) (distinguishing fundamental error from constitutional error and holding that the constitution does not mandate an absolute rule requiring reversal in every case where there has been an *75 improper comment on the defendant’s right to remain silent), overruled in part on other grounds, State v. Diguilio, 491 So.2d 1129 (Fla.1986); State v. Osvath, 661 So.2d 1252 (Fla. 3d DCA 1995) (holding that the fundamental error exception to principle of appellate procedure that limits parties to points and objections raised in lower court may not be invoked to exclude alleged illegally or unconstitutionally obtained evidence, whether that evidence be a confession or a tangible evidence obtained in a search or seizure, where the point was not properly preserved for appellate review in the trial court).