MAKAR, J.
On March 23, 2012, attorney Jo-Anne Yau filed an eight-count complaint on behalf of her client IWDWarriors, Corp. (IWD) alleging that Ken Yarbrough and Fish Tales Marketing, Inc. d/b/a Coastal Angler Magazine of Northeast Florida (collectively “Fish Tales”) were liable for breaches of contract and intentional interference with IWD’s contractual relationships with third parties, namely the organization and promotion of a fishing tournament known as the “Clash,” which Fish Tales was alleged to have usurped for itself.
Fish Tales moved for summary judgment, arguing that IWD lacked standing and capacity to sue because, according to IWD’s electronic articles of incorporation, its corporate existence did not commence formally until May 7, 2012, even though the filing of its articles occurred on March 18, 2012. The trial court agreed, granting summary judgment for Fish Tales, who then filed a one-sentence motion for attorney fees under section 57.105, Florida Statutes, soon accompanied by an attorney’s fees affidavit. Yau filed a legal memorandum in response and a hearing was held in January 2013 (but no transcript of the proceedings has been filed on appeal).
On February 8, 2013, the trial court granted Fish Tales’s fees motion, entering a final judgment against Yau personally and stating that “[IWD] was a nonexistent entity at the time that the action was commenced, so Jo-Anne Yau should bear the entirety of the Defendants’ reasonable attorney fees.” It ordered Ms. Yau to pay fees totaling $7,875 plus interest. The order further stated that Yau was an officer of IWD and failed to prove she acted in good faith. On February 19, 2013, Yau filed a motion for reconsideration, which was denied on April 1, 2013. Two days later, Yau filed an amended motion for reconsideration and mentioned, for the first time, section 607.1904, Florida Statutes, which she said precluded Fish Tales from claiming IWD’s lack of formal corporate existence as a defense against claims for breach of contract and intentional interference with its contractual relationships with third parties. The trial court did not rule on the amended motion prior to Yau filing a notice of appeal.
On appeal, Yau argues that the trial court erred by granting Fish Tales’ motion for summary judgment and thereby erred by entering a final judgment imposing sanctions against her. Though Yau challenges the entry of final judgment against IWD, no notice of appeal was filed from that judgment on the merits, so we are left *559 with only the final judgment against Yau imposing sanctions.
The focal point of her brief[1] is the statutory argument, presented in her amended motion for reconsideration, that section 607.1904 bars Fish Tales from asserting as a defense that IWD was not yet incorporated. Indeed, there is long-standing corporation law in Florida going back at least 125 years that a person contracting with or injured by an association assumed to be acting as a corporation may not set up as a defense that the corporation was not properly incorporated. As the Florida Supreme Court said in the latter part of the 19th Century:
A person who has contracted with an association assuming to be incorporated and acting in a corporate capacity cannot, after having received the benefit of the contract, set up as a defense to an action brought by such company that the latter was not legally incorporated, or had no authority to enter into the contract in a corporate capacity. ... It is settled that a conveyance by a corporation will not be treated as invalid merely because the corporation was not formed under authority of law, and the same rule applies to transfers of personal property and choses in actions by corporations defacto.
Booske v. Gulf Ice Co., 24 Fla. 550, 5 So. 247, 251-52 (1888); Ch. 1639, Laws of Fla. (1868). This bedrock principle has been relied upon both within and without Florida over the decades (and is reflected in the first portion of section 607.1904, which is set forth below).[2]
Vice versa, a person sued for an alleged breach of a contract with, or for' injury to, a corporation cannot raise lack of legal organization as a defense (though other grounds might exist). See Catlin Specialty Ins. Co. v. Cohen, 883 F.Supp.2d 1182, 1192 (M.D.Fla.2012). This latter principle, though not as firmly established and mentioned less frequently in the case-law as the former, is reflected in the second portion of section 607.1904, Florida Statutes (and its many predecessor statutes), which states:
No body of persons acting as a corporation shall be permitted to set up the lack of legal organization as a defense to an action against them as a corporation, nor shall any person sued on a contract made with the corporation or sued for an injury to its property or a wrong done to its interests be permitted to set up the lack of such legal organization in his or her defense.
§ 607.1904, Fla. Stat. (emphasis added). The highlighted language — literally and as applied in the limited caselaw addressing it — appears to provide a potential basis for the relief for IWD. See Catlin Specialty, 883 F.Supp.2d at 1192 (noting the argument that “the statutory term ‘lack of legal organization’ in Section 607.1904 includes administrative dissolution by the Secretary of State after incorporation, as well as the entire failure to achieve incorporation in the first instance.”). Had this statute been brought timely to the trial court’s attention, the suit against Fish Tales would not have been summarily dismissed; at a minimum, no grounds for the sanctions order under section 57.105 would have existed.
*560 But, this statutory argument— though raised in her amended motion for reconsideration — was abandoned when Yau filed a notice of appeal without obtaining a ruling on the motion. See Fla. R. App. P. 9.020(h)(1) & (3). As a consequence, we cannot reverse on this unpre-served claim of error absent fundamental error, which is one that “goes to the foundation of the case or goes to the merits of the cause of action.” Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). An appellate court “should exercise its discretion under the doctrine of fundamental error very guardedly.” Id. To do otherwise would undermine the orderly adjudication of claims and inject a degree of arbitrariness into the appellate process.
We begin by noting that a series of missteps occurred. Fish Tales advanced a basis for dismissal/sanctions that was erroneous, Yau failed to defend the matter in a substantively-helpful and timely way, and the sanctions order would be reversible had the statutory argument been timely raised and not waived. All this does not mean fundamental error exists. Rather, there are only a limited category of errors that “courts universally allow to be raised for the first time on appeal because of the very nature of the error” including subject matter jurisdiction and judgments entered without notice that deny due process. O’Brien v. Florida Birthr-Related Neurological Injury Comp. Ass’n, 710 So.2d 51, 52 (Fla. 4th DCA 1998); See also Valeria Hendricks, Pop Quiz: Why is Fundamental Error Like Pornography?, 76 Fla. B.J. 77, 78 (2002) (“Courts are ... likely to see fundamental error in constitutional issues involving due process.”). But Yau does not claim a denial of due process; indeed, she was on notice of the alleged deficiency in her pleading and given a full opportunity to explain why her client’s case should not be dismissed and why no sanctions should be imposed. That she failed to timely raise a meritorious statutory defense (and waived it by filing a notice of appeal) was not because of a lack of due process; as such, fundamental error on this basis is not shown. See Fleischer v. Fleischer, 586 So.2d 1253, 1254 (Fla. 4th DCA 1991) (“Fundamental error, in this sense, refers to error that goes to the very heart of the judicial process, not to mistakes as to which arguably correct law or rule to apply, or as to the application of such a rule of law to the facts in the case.”).
The only other possible ground for fundamental error is a narrow category of cases primarily from the Fourth District “in which the trial court granted relief when the party obtaining the relief was, as a matter of law, not entitled to it.” O’Brien, 710 So.2d at 52 (citations omitted). One cited example is the assessment of statutory damages to which a party was not legally entitled. See Stevens v. Allegro Leasing, Inc., 562 So.2d 380, 381 (Fla. 4th DCA 1990) (reversing award as fundamental error despite no objection below). In this category of fundamental error cases, however, “the appellate courts were able to correct legal errors which went to a party’s right to recover, without having to reverse for a new trial.” Id. These cases, if we were to adopt their rationales, don’t apply here because a party’s right to recovery is not at issue; instead, at issue is an award of attorney’s fees in an ancillary proceeding under section 57.105.
This situation is more closely aligned with the Florida Supreme Court’s decision in Sanford v. Rubin, 237 So.2d 134 (Fla. 1970), which held that it was not fundamental error to allow the recovery of attorney’s fees even though the constitutionality of the statutory basis for the fees was doubtful. The personnel board, against whom the fees were awarded, failed to raise this issue in the trial court and thereby waived it; the appellate court held, *561 however, it was fundamental error to award fees because the statute’s enactment was unconstitutional for failing to mention in its title that fees were included, a claim raised for the first time at oral argument. Id. at 136-37. The supreme court explained, pertinent here, that the “allowance of the attorneys’ fee did not go to the merits of the case or the foundation of the case. This extended litigation involved the right of petitioners to retain their employment and receive compensation for the time of their suspension by virtue of an erroneous ruling of the Personnel Board.” Id. at 137. Likewise, the wrongful award of attorney’s fees in this case — like that in Sanford — is not fundamental error that “goes to the foundation of the case or goes to the merits of the cause of action.” Id. As applied to attorney’s fees, this principle of restraint underlying the fundamental error doctrine in civil cases has deep roots. In a case from almost a century ago, the Florida Supreme Court refused to grant relief from an attorney’s fees award that was claimed (on appeal for the first time) to be impermissible. Nelson v. Seldon Cypress Door Co., 78 Fla. 203, 83 So. 286, 286 (1919) (“As the question of attorney’s fees was not presented for determination when the case was heard on its merits, such question cannot now be presented, on an application for rehearing, as a matter overlooked by the court in affirming the judgment.”).
Because unauthorized awards of attorney’s fees appear to generally fall outside the category of what might constitute fundamental error in a civil case, we are obliged to deny relief. We are mindful that the fundamental error doctrine “functions to preserve the public’s confidence in the judicial system. Relief is granted for a fundamental error not because the party has preserved a right to relief from a harmful error, but because, the public’s confidence in our system of justice would be seriously weakened if the courts failed to give relief as a matter of grace for certain, very limited and serious mistakes.” Hagan v. Sun Bank of Mid-Florida, N.A, 666 So.2d 580, 584 (Fla. 2d DCA 1996) disapproved of on other grounds by Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010 (Fla.2000). While the fee award against Yau was in error and thereby may appear undeserved, public confidence could be diminished if appellate courts too freely corrected “fundamental errors” to overturn awards of this type in civil cases, particularly when more timely and substantively-helpful advocacy in the trial court could have averted the matter.
AFFIRMED.
RAY, J., concurs, and THOMAS, J., dissents with opinion.

. Fish Tales filed a pro se brief, which was stricken as noncompliant and failed to file a brief thereafter.

. See, e.g., Alropa Corp. v. Myers, 55 F.Supp. 936, 939 -940 (D.Del.1944) ("... it would appear that under the Florida law defendant is estopped from denying the payee corporation's existence at the time of the general delivery of the notes.”).