BILBREY, J.
Alvaro I. Abaunza challenges the final judgment and order of commitment finding him to be a sexually violent predator and committing him to the Florida Civil Commitment Center. We affirm.
Appellant raises two issues on appeal. With regard to the first issue raised, that *1202 the trial court abused its discretion in denying Appellant’s motion to limit the State’s witnesses, we hold the trial court did not abuse .its discretion and affirm as to this issue without further discussion. See Hall v. State, 614 So.2d 473 (Fla.1993) (explaining a trial court’s ruling on a claim of cumulative evidence is subject to an abuse of discretion standard); see also § ■90.612(1), Fla. Stat.
Appellant additionally argues that the standard jury instructions used in proceedings under the Jimmy Ryce Act, sections 394.910-.932, Florida Statutes (2014), and given to the jury at trial, constitute fundamental error. For the reasons moré fully set forth below, we reject this argument.
Appellant, while still incarcerated in prison for a potentially qualifying offense, was the subject of a petition for civil commitment as a sexually violent ..predator. According to the petition, appellant had a history of sexually motivated offenses. See § 394.912(8) and (9), Fla. Stat.' (2014). After a finding of probable cause, a jury trial was conducted. Following the evi-dentiary portion of the trial, the trial court utilized without objection the standard jury instructions for Jimmy Ryce Act cases. The jury was instructed in pertinent part as follows:
Now, before the respondent may be confined to a secure facility as a sexually violent predator, your verdict must be unanimous. That is: All of you must agree to the same verdict. The verdict must be the verdict of each juror as well as the jury as a whole. If the verdict is not unanimous but a majority determines that the respondent is a sexually violent predator, the case may be retried before another jury. If three or more jurors determine that the respondent is not proven to.be a sexually violent predator, he will not be confined to a secure facility as a sexually violent predator, and the case will not be retried before another jury.
The jury returned a unanimous verdict finding appellant to be a sexually violent predator.- Judgment was entered in accpr-dance with that, verdict, and Appellant was civilly committed.
Appellant argues that because the standard instruction tells the jury its verdict must be unanimous, it is fundamentally flawed as it encourages the jury to make a sentencing decision. As Appellant observes, in criminal cases, where the death penalty is not an option, juries are to consider only the question of whether the State has sufficiently proved the charged offenses. Thus, rule 3.390(a), Florida Rules of Criminal Procedure, provides that except in capital cases, the trial court “shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.” Appellant argues that a similar rule should be applied in Jimmy Ryce proceedings.
Appellant acknowledges proceedings under the Jimmy Ryce Act are civil, not criminal, in nature. Indeed, the U.S. Supreme Court has held that an involuntary commitment act for sexually violent predators does not have a “punitive intent.” Kansas v. Hendricks, 521 U.S. 346, 368-369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997),[1] The Florida Supreme Court has held Florida’s law regarding the involuntary commitment of sexually violent predators is not punitive in nature and is instead a civil proceedings intended to protect society as well provide the person committed with needed treatment. Westerheide v. State, 831 So.2d 93 (Fla.2002). Proof that *1203 the Jimmy Ryce Act is. not punitive may be found in the fact that an involuntary civil commitment lasts only as long as the need for treatment persists. §§ 394.918-.920, Fla. Stat.; see In re Beverly, 342 So.2d 481, 488 (Fla.1977) (“While both civil commitment proceedings and criminal proceedings may result in confinement, a person involuntarily committed for mental illness is entitled to treatment, to review of his condition and to release when he is no longer in need of treatment. There is a differentiation between persons in need of mental treatment and persons who violated the criminal laws.”).
Proceedings regarding the involuntary commitment of sexually violent predators are governed by a specific .set of rules, “Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators.” See In re Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, 13 So.3d 1025 (Fla.2009). Thus, as the Appellant admits, rule 3.390, Florida Rules of Criminal Procedure, does not apply, and there is no analogous rule to rule 3.390 in the rules regarding involuntary commitment. See Rules 4.010-4.470, Fla. R. Civ. P. — S.V.P.
We decline the invitation to create an analogous rule to rule 3.390(a) in Jimmy Ryce proceedings.[2] Such proceedings are more like those types of cases, such as capital cases, and civil cases, where the finder of fact determines not only fault (whether it be criminal guilt or civil liability), but also the penalty to be paid or recovery to be awarded for such fault. Rule 3.390(a) has no application in death penalty cases or civil cases for. the very reason that the jury is charged in such proceedings with determining fault and the resulting penalty. Accordingly, because Jimmy Ryce proceedings are more analogous to the types of proceedings which are not governed by rule 3.390 (i.e., capital cases and civil cases) than it is to the types of proceedings which are so governed (i,e., criminal cases where the death penalty cannot apply), there is no reason to impose a rule in Jimmy'Ryce proceedings like rule 3.390. We find no error, fundamental[3] or otherwise,- in telling a jury the consequences of their verdict in a Jimmy Ryce Act case.
According, the final judgment and order of commitment is AFFIRMED.
WOLF and WINOKUR, JJ, concur.

. The Florida law is apparently modeled after the Kansas law found constitutional in Hendricks. See Mari M. "Miki” Presley, Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act; Replacing Criminal Justice with Civil Commitment, 26 Fla. St. U.L.Rev. 487 (1999).

. We note that, the Florida Supreme Court has exclusive rulemaking authority per Article V, Section II of the Florida Constitution. Although not explicitly stated, Appellant seems to argue that his due process rights are violated by not applying an analogous rule to involuntary civil commitment. As discussed herein, we reject this argument.

. We have recently noted that, "[a]n appellate court ‘should exercise its discretion under the doctrine of fundamental error very guardedly' ” in a civil case. Yau v. IWDWarriors, Corp., 144 So.3d 557, 560 (Fla. 1st DCA 2014), quoting Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970).